Mathews, J.
delivered the opinion of the court. This is a suit in which the plaintiffs claim from the defendant, an annual rent, as stipulated on the sale of certain lots, said to have been purchased by the latter from them, through the agency of his son, G. H. Hunter. The answer denies the authority of the pretended agent, and alleges that the purchase thus made, was never ratified and confirmed by the defendant, as principal.—Judgment was rendered against him in the court below, and he appealed.
There is something apparently contradicto *4 ry in the statement of facts. The parties admit that G. H. Hunter bought the lots for his father, and that the latter paid the rent for one or two years; but they state further that the father never did ratify the purchase thus made by his son. These lots were afterwards sold under the conditions, stipulated in the purchase from the corporation, by G. H. Hunter, to a third person; in which act of sale, G. Hunter, the father, appears to warrant the title of his son.
East'n District.
June, 1822.
It is contended on the part of the plaintiffs, that this statement of the case shews a full acquiescence and tacit ratification of the purchase thus made for G. Hunter, sen., and that he is consequently bound to take the bargain with all its burthens, and should be decreed to pay the rent, as stipulated in the act of sale. The ratification and acknowlegement of acts done by one person for another, when the former has acted without previous authority, when they are not express, on mere legal presumptions, arising from the title, or some act of the principal, relating to the business transacted in his name; but not amounting to an express ratification.
In the present case, perhaps the conduct of *5 the defendant has been such as to authorise this legal presumption of ratification of the contract. But opposed to this is the fact admitted, that he always refused to ratify the purchase made by his son; which destroys the presumption arising from the payment of rent and assistance at the sale of the lots made to Paulding, for stabit presumptio donec contrarium probetur. &c. We are of opinion that the parish court erred in condemning the appellant to pay the debt demanded by the appellees.
Moreau and Hennen for the plaintiffs. Livermore for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of said court be annulled, avoided and reversed, and that judgment be here entered for the defendant and appellant, with costs in both courts.