### *LACY vs. FLUCKER.*

WHEN the appellant relies solely on errors of law apparent on the face of the record, they must be specially assigned within ten days after the record is brought up, otherwise the appeal will be dismissed.

The ordinary plea of no error on an appeal does not cure the want of assignment of errors.

APPEAL from the probate court of St. Helena.

It appears from the record in this case, that a judgment by default was taken in the court below at the April term, and at the May term following the defendant moved for further time to answer and craved oyer of the documents in support of the plaintiff's demand. The court overruled the motion and made final the judgment.

The defendant appealed.

MATHEWS J. delivered the opinion of the court. This suit is commenced on a curator's bond—judgment was taken by default which was afterwards made final and the defendant appealed.

The record contains no statement of facts or bills of exceptions, nor is there any assignment of errors as apparent on its face regularly made in this court. An assignment was offered after the expiration of ten days, within which time it is required to be made by the art. 897 of the Code of Practice, but was opposed by the counsel for the appellee, who had previous to any motion to dismiss the appeal filed an answer. In consequence of the omission to move for a dismissal before filing the answer on the appeal, it is contended on the part of the appellant that the right to cause it to be dismissed is waived, that the cause must be examined on its merits, and that an assignment of errors ought still to be admitted. It is true, in some instances, that the acts done by one party in a suit, may destroy advantages of which he might have availed himself by a different course of proceeding, and place his adversary in a better situation than he would have been if the preliminary steps had

**Eastern District.** *March*, 1820.

LACY
*vs.*
FLUCKER.

been pursued. But unless by admissions in the pleadings on one side, it is not easy to conceive how defects of pleading on the other can be remedied. In the present case the appellee first required a confirmation of the judgment of the court below, and afterwards claimed a dismissal of the appeal on account of the want of statement of facts or assignment of errors. The cause comes up in such a state, that it is impossible to investigate it on its merits, without the aid of such an assignment of errors as is required by the Code of Practice. To affirm or reverse the judgment, would be to proceed without adequate lights to guide us in our course. The article of the Code of Practice above cited is peremptory, that when an appellant does not rely wholly, or in part, on a statement of facts, an exception to the judges opinion or special verdict to sustain his appeal; but on errors of law appearing on the face of the record, he must file a written paper alledging specially such errors, within ten days after the record is brought up, otherwise, his appeal shall be rejected. Now it is believed that the ordinary plea of no error on an appeal does not cure the want of an assignment of errors in the manner required by the Code of Practice.

*When the appellant relies solely upon errors of law, apparent on the face of the record, they must be specially assigned within ten days after the record is brought up, otherwise the appeal will be dismissed.*

*The ordinary plea of no error on an appeal, does not cure the want of an assignment of errors.*

It is thefore ordered, and that this appeal be dismissed at the costs of the appellant.