EASTERN DIS.
*February,* 1834.

HEIRS, ETC. OF
PACQUETET
*vs.*
MOSSY ET AL.

HEIRS, &c. OF PACQUETET *vs.* MOSSY ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NEW-ORLEANS.

Where a contrariety in names of the heirs and persons giving a power of attorney to recover the estate for them, in that capacity, is reconciled by satisfactory testimony, received in the court below without objection, the Supreme Court will not disturb the judgment.

The petition alleged that François Bernard Pacquetet, died in New-Orleans in 1832, having made his olographic testament, instituting certain persons his universal heirs and legatees, all of which, with the exception of one who was dead, lived in France; that the plaintiffs were appointed the attorneys in fact of the said legatees and heirs, to take possession of the estate. The testamentary executor and attorney for absent heirs, were made defendants. Documents were annexed to the petition, to show the powers of the plaintiffs, and the quality of the persons giving them.

The executor denied that the plaintiffs could claim the estate in their own names, and he required evidence of the alleged heirship and quality.

Judgment was rendered for the plaintiffs, from which the executor appealed.

EASTERN DIS.
*February*, 1834.

HEIRS, ETC. OF
PACQUETET
*vs.*
MOSSY ET AL.

MATHEWS, J., delivered the opinion of the court.

In this case the heirs and legatees, by their attorney in fact, sue the executor of the last will and testament of François Barnard Pacquetet, to cause an account to be rendered by the defendant, and to recover from him possession of the testator's succession.

Judgment was rendered against the executor in the court below, from which he appealed.

The rendition of the account and payment of the funds of the estate to the plaintiffs, are opposed by the defendant before this court, entirely on the ground, that the persons who sent their procuration to the attorneys in fact, are not the heirs of the testator, nor those designated in his will, as heirs or legatees.

There does appear to be some difference between the names written in the testament, and those of the constituents who forwarded their authority to collect their inheritances and legacies.

*Where the contrariety in names of the heirs and persons, giving a power of attorney to recover the estate for them, in that capacity, is reconciled by satisfactory testimony, received in the court below without objection, the Supreme Court will not disturb the judgment.*

The contrariety in those names, is, however, not very great, and the identity of the persons who gave the power to call the executor to account, and receive the funds of the estate, with those named in the will, is established by written documents and testimony, which were received in the Court of Probates without opposition, and afford the evidence on which that court based its judgment. We have examined that evidence, and are of opinion that the judge *a quo*, did not err in his conclusions on the facts of the case; and as it presents no questions of law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, costs to be paid out of the succession.

*Derbigny*, for appellants.

*Morphy*, contra.