JOHN WARD and others *v*. ROBERT C. ARMISTEAD and another.

Where the record contains no statement of facts, nor any thing equivalent thereto, nor exception to the opinion of the judge, nor special verdict, and the appellant relies alone on errors of law apparent on the face of the record, an assignment, stating specially such errors, must be filed within ten days after the record is brought up, or the appeal will be dismissed.

THE defendants are appellants from a judgment of the Commercial Court of New Orleans, *Watts*, J.

*T. Slidell*, for the plaintiffs.

*Schmidt*, for the appellants.

MARTIN, J. The certificate of the clerk does not enable us to examine this case on its merits, and the appellants have not prayed for an extension of time to have this defect remedied. They have neglected to file an assignment of errors in writing within the time limited by law, but contend that this was not necessary in the present case. We think that they are mistaken. The Code of Practice, art. 897, provides, that 'the appellant who does not rely, wholly or in part, on a statement of facts, an exception to the judge's opinion, or a special verdict, to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court, a written paper, stating specially such errors as he alleges, otherwise his appeal shall be rejected.' The record contains no statement of facts, nor any thing equivalent thereto, nor exception to any opinion of the inferior court, nor special verdict. It is not, therefore, in our power to relieve the appellants' counsel from the consequences of his neglect to file within ten days after the record was brought up, a written paper stating specially the errors he alleges.

*Appeal dismissed.*