Same Case. — On a Re-heauino;.
Tiie judgment was a nullity for want of citation.
The mode of citing an absent defendant in an attachment case, is by posting at thé door of the church or court room, a citation addressed to him. In the language of this court in Putnam's case, (3 Robinson, 233,) “ it has been repeatedly .held, that the formalities prescribed by article 254, of the Code of Practice, stand in place of citation, and that they form the basis on Which all the subsequent proceedings in the cause must rest: the omission of them must therefore be fatal. Code of Pract. art. 206. 10 Mart. 472. 7 Mar. N. S. 160. 8 Ib. N. S. 351. 8 La. 587. 3 lb. 18.”
But it is declared by the court:
1. That the ground of nullity, should have been assigned as error by a written assignment, filed within ten days after the record was brought up.
2. That 'nothing can be assigned as error, which could have been cured by legal evidence in the court below.
3. That the nullity arising from want of citation, was cured by the attorney appointed for the absent defendant, pleading to the merits, without taking any exception to the want of citation.
X. The court observes: “ There is no doubt but the nullity of a judgment can be demanded on the appeal, when the nullity is apparent on the record ; (Code of Pract. art. 609 ;) and the want of a citation, when the proceedings are not in rem, is such an apparent error as will annul the judgment. 3 La. 451. But the Code of Practice, art. 897, directs in what manner the apparent error must be made known. It says, when the appellant does not rely wholly on a statement of facts, an exception to the Judge’s opinion, or a special verdict to sustain his appeal, but on an error of law appearing on the record, he should be allowed to allege such error, if in ten days after the record is brought up, he files a written paper, stating specially such errors as he alleges,’ otherwise his appeal shall be rejected.” The article is, not as quoted by the court, “when the appellant does not rely wholly on a statement of factsbut, “ when the appellant does not rely wholly, or in part, on a statement of facts.” Defendants did not rely “ wholly1'1 on a statement of facts; but did rely “ in part” upon it, and are therefore within the exemption, and not bound to assign errors in writing within the ten days. No case can be found of a dismissal for failure to assign errors within the ten days, where the record contained the evidence. In Lacy v. Flu-Jeer, 1 La. 62, the assignment was not filed within the ten days, and the appeal was dismissed; but, says Judge Mathews, “ the record contains no statement of facts.” So in 6 La. 144, in 6 La. 157, and in 1 Rob. 460, there was no statement of facts.
But when the record does contain a statement of facts, the appellant who also relies on errors apparent is not bound to assign them within the ten days, nor to file them in writing at all, but may present them orally at the hearing. This is distinctly decided in the case of The State v. The Bank of Louisiana, 5 Mart. N. S. 340. The language of the court is : “ On this part of the case, our opinion is with the counsel of the bank. He has not resorted to this assignment of errors, to sustain his appeal; he had a statement of facts to rely on in the documents, and testimony that came up with the record. He is therefore, at liberty at .any time, even without a formal assignment, to draw our attention to any apparent error.”
II. The second ground upon which the court has refused relief, is, that nothing can be assigned as error which could have been cured by legal evidence in the court below.
This principle is correct, but is inapplicable to the present case.
In every case, we believe, in which that rule has been enforced, it will be found, that the record contained no statement of the evidence upon which the judgment was rendered.
In the present case, every tittle of evidence adduced in the court' below is in the record. How then can it be said, that the apparent nullity proceeding from want of citation, may have been cured below by evidence there adduced 1 To suppose so, is to suppose the record to be false ; it is to suppose, not merely something not found in the record, but something positively inconsistent with it. The reason of the rule is this ; when the appellant has not spread the evidence before the court, and the point alleged as error was susceptible of being covered and cured by evidence, the appellate court will suppose in favor of the judgment of th& inferior Judge, that such evidence was actually adduced before him.
III. The third ground assumed by the court is, that the nullity arising from the want of citation, was cured by the attorney appointed by the absent defendant, pleading to the merits without taking any exception to the want of citation.
If, in an ordinary case, a defendant appearing in person, or by counsel retained by him, should file a plea to the merits, we are quite willing to concede that it would be a waiver of an informality in the citation, or of its utter absence. But an attorney appointed to represent an absentee, could not directly nor by express agreement waive citation.
In the case of Edmonson, IB La. 283, the attorney appointed to represent an absent defendant, entered into an agreement to waive the authentication of the official capacity of the officer to whom a commission was addressed. This court rejected the evidence so adduced, although admitted by the court below, declaring the attorney appointed incompetent to make such an agreement.
In Collins v. Pease, 17 La. 117, this court reiterates the doctrine. “ We are of opinion that a person appointed by a court to defend the rights of absentees in a suit against them, ought not to be permitted to surrender any lawful means of defence on their part, to the injury of those whom he represents.”
But the case of Stockton et al. v. Hasluc/c et al., (10 Mart. 474,) is conclusive. In this case, Porter, J., says: “ But when the record is looked into, we are met by the difficulty, that the defendant has not been cited as the law directs. The acts of the Legislature on this subject, require notice of the proceedings to be put up at certain places, and left at the last place of abode of the defendant. This stands in place of citation, and the want of it is fatal. Curia Phillip, p. 1, Sec. 12; Citation N. 1, 2. The statute must be construed strictly, as every law should he, that derogates so much from the general principles of our jurisprudence, and decides on the rights of those who are absent. It is a privilege to allow a creditor to pursue his debtor in this way, and he cannot complain if he is required to follow exactly the formalities which the act prescribes; and above all he cannot be permitted to neglect that which the law has substituted for a citation, and is, consequently, the basis on which all the subsequent proceedings in the cause must rest*
“ It has occurred to live court, as a question worthy of examination, whether this objection was not removed / the attorney appointed hy the court having plead to the merits. But I am of opinion, that the want of notice is not cured by this omission ; the party alone could waive the defect?
And Mathews, J.: “I am clearly of opinion that the plaintiffs have not presented to the court a case in which an order of se-* questration ought to have issued, and that the error in granting such order is not cured hy the neglect of the attorney appointed hy the court to move for its reversal. There is nothing in the proceedings which can legally supply the place of notice to the defendants, hy the ordinary mode of serving citation, and consequently they have never been properly brought in to answer, and cannot he hound hy the acts of a person assuming the functions of their attorney by an illegal order of the courts They have been condemned without having been heard, and however equitable the judgment may be in the present case, it is illegal and ought to be annulled.”
Peyton and 1. W. Smith, contra:
Simon,- J.
The grounds upon which we have deemed it advisable to grant a re-hearing in this cause, are two-fold. The appellants’ counsel has contended, that we hate first, in deciding that the ground of nullity by him relied on against the judgment appealed from, should have been assigned as error by a written assignment, filed within ten days after the record was brought up ; and secondly, in intimating that the nullity arising from want of citation, (if such be the fact,) was cured by the attorney appointed for the absent defendant pleading to the merits, without taking any exception to the want of citation.
I. On a further consideration of this point, we have been prompted to recognize, that our first impression was incorrect with regard to the non-existence of a statement of facts. This arose from the incomplete certificate of the clerk, who only certifies, that the transcript contains “ all the proceedings and all the documents filed in the cause:” but the certificate of the Judge, *466 who declares, that “ the record contains all the evidence adduced by the parties on the trial of the cause.” is a sufficient statement of facts ; and we are aware that, under art. 897 of the Code of Practice, which says, that “ the appellant who does not rely, wholly or in part on a statement of facts, an exception to the Judge’s opinion, or special verdict to sustain his appeal, but on an error of law appearing on the face of the record, shall he allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court, a written paper stating specially such errors as he alleges, otherwise his appeal shall be rejected.” There is no necessity for filing a formal or special assignment of errors, when the record contains a statement of facts upon which the appellant relies, either wholly or in part, tío, in the case of The State v. The Bank of Louisiana, (5 Mart. N. S. 340,) this court said: “ The Attorney General cannot complain that the assignment of error was filed too late ; because his adversary was under no obligation of filing it at all, and may have the benefit of it without any, but an oral assignment at the hearing.” In that case, there was a statement of facts, which enabled the court to act on the merits. And so in 1 La. 52; 6 lb. 144, 157; 1 Rob. 460 ; 4 Ib. 147, 380 ; and 5 Ib. 169, the appeals were dismissed, because there were no statements of .facts, and no assignments of errors had been filed, or been filed within the ten days.
We think, therefore, that the appellants in this case were not bound to assign errors, and that they were at liberty to point out the errors of law apparent on the face of the'record, without their having been formally assigned. It is clear, that all the evidence, adduced on the trial being before us, as also all the proceedings had in the cause, it cannot be presumed that anything has been left out; and’ that the party who complains of the judgment appealed from, being dispensed from the necessity of filing an assignment of errors, has a right to demand the nullity of said judgment, when said nullity is apparent on the face of the record itself. Code of Pract. art. 609.
II. We said in our first judgment, that “ no citation issued directed to the defendants at alland this appears on the face of the record from the Sheriff’s return, which recites that it was served on Thomas Slidell, Esq., in person •, and from the return *467 of the same Sheriff on the writ of attachment, which he concluded by saying: “ The defendant residing out of the State, I posted copies (thereof) at the door of the ehurch and at that of the room in which this honorable court is held.” Now, the law requires, in cases of attachment, that the defendant should deserved with a citation by affixing copies of the same, &e., on the door of the parish church of the place, or to that of the room where the -court in whieh the suit is pending is held. Code of Tract, art. 254. Citation is the essential basis of all civil actions; (Code of Pract. art. 206,) and it has been often held, that the formalities prescribed by art. 254 of the Code of Practice, standing in the law of citation, the omission thereof must be fatal. 7 Mart. N. S. 160 ; 9 Ib. N. S. 351; 3 La. 18 ; 8 La. 587; 3 Rob. 233.
To this, however, the appellees’ counsel hds answered, that ho exception was taken below to the want of citation; that the counsel appointed by the court to represent the absent défendants filed an answer to the merits, and permitted the case to go to final judgment without requiring proof of the service of the citation on the defendants in the manner prescribed by law, or making any objection to the Sheriff’s return ; and hence the questions occur: Is it too late for the counsel of the absent defendants to urge this objection on the appeal 1 And, if it be true, that the citation was not issued, or was not served according to law, was the attorney appointed competent to waive it ?
■ On this point, we only expressed a doubt in our former opinion, whether, under the circumstances of the case, the appellants could be entitled to relief; but after a renewed and mature deliberation upon this subject, we have been constrained to come to the conclusion that the defendants were yet entitled to the benefit of the objection, as no one could waive it but themselves, or perhaps their regularly employed counsel authorized to appear for them. A similar question was presented for the solution of this court in the case of Stockton et al. v. Hasluck et al., (10 Mart. 4-74,) and it was then held, that the party was not bound by the neglect of the attorney appointed by the court, to avail himself of the objection, or by his waiver resulting from an answer to the merits. “ It has occurred to the court,” says Judge Porter, “ as a question worthy of examination, whether this ob *468 jection icas removed ; the attorney appointed by the court having pleaded to the merits ; but I am of opinion that the want of notice is not cured by this omission ; the party alone could waive the defect.” In the case of Hill et al. v. Barlow et al. (6 Rob. 148,) we had occasion to investigate a question relative to the effect of an acknowledgment of service of the citation by a curator, ad hoc, appointed by the court, in relation to its interrupting prescription ; and we held, that such curator had no authority to waive the service of the citation, and, by his voluntary act, tó cause a legal interruption o'f the prescription. See also 13 La. 284 ; IT La. 117. And in the case of Hyde et al. v, Crad-dick, (10 Rob. 393.) our language was : “ But the record shows that Craddick has not answered personally, and is only represented by a curator, ad hoc, appointed by the court; and as said curator cannot be permitted to waive any of the legal rights of the party he represents, and above all, as a judgment rendered in the absence of the interested parties, without their having been duly cited, could never have any legal force and effect against them, we feel bound to consider the exception, as if it had been originally and specially pleaded ; for our disregarding it would not give any greater force or validity to the judgment appealed from, if maintained on this ground, for want of a formal and special exception.” So must it be in this cause ; and the exception relied on must have the same effect now as if it had been specially pleaded below, previous to the attorney’s answering to the merits.
With this view of the appellants’ rights, and of the questions presented in their behalf, the judgment appealed from should, perhaps, be cancelled at once, and the suit dismissed; but as it is possible that, no exception having been taken below to the want of citation, the plaintiffs have not thought necessary to show that a regular citation had been posted up, together and at the same time with the writ of attachment according to law, and to call upon the Sheriff to produce it and amend his return, we think they should not be precluded from doing so ; and that justice requires this case should be remanded to the court, a qua, for that purpose only.
It is, therefore, ordered and decreed, that this case be remanded *469 to the-c.ourt, a qua, for the purpose only of giving the appellees an opportunity of proving the existence and regular service of a citation duly issued ; that in case said citation exist and is shown to have been duly served, our first judgment be maintained, the costs of this appeal being borne by the appellees ; but that, in case it turn out that the appellants have not been cited according to law, the judgment appealed from be avoided and reversed, and this suit dismissed with costs in both courts.