F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHELLEY SEALS,

      Plaintiff-Appellant,

v.

OIL DATA, INC., a Texas
Corporation,

      Defendant-Appellee.

No. 96-5149
(D.C. No. 95-CV-511)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Shelley Seals appeals from the district court's order granting summary judgment to defendant Oil Data, Inc. on her Title VII claim for hostile work environment based on sexual harassment and dismissing her related pendent state laws claims. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, applying the standards of Fed. R. Civ. P. 56(c), as did the district court. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Under Rule 56, we determine if genuine issues of material fact exist which would preclude summary judgment and, if not, whether the moving party is entitled to judgment as a matter of law. Id. In making this determination, we view the evidence and any reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Id. We review the district court's discretionary decision to dismiss plaintiff's pendent state claims for abuse of that discretion. See Baker v. Board of Regents, 991 F.2d 628, 634 (10th Cir. 1993).

The district court granted defendant's motion for summary judgment because it concluded that plaintiff's Title VII claim was time-barred. Timely filing is a prerequisite to a civil suit based on Title VII. See Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir. 1993). In Oklahoma, Title VII required plaintiff to file her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days "after the alleged unlawful

-2-

employment practice occurs," see id. & n.4; 42 U.S.C. § 2000e-5(e). She filed her charge with the EEOC in November of 1994, listing alleged incidents occurring from the fall of 1992 to April of 1994 as support for her hostile work environment claim. In sum, those incidents involved alleged unwelcome advances and threats by co-worker Hiep Hyunh occurring through late 1992, and alleged advances and assaults by co-worker Troy Mackie. All but one of the specific incidents involving Mackie occurred in 1992; one occurred in the spring of 1994. Unless plaintiff has demonstrated applicability of an exception to the Title VII filing prerequisite, her hostile work environment claim, based on incidents occurring before the relevant filing period (here beginning in February of 1994), is time barred. See Purrington v. University of Utah, 996 F.2d 1025, 1028 (10th Cir. 1993).

Plaintiff contended that her claims should not be barred because the incidents she alleged constitute a continuing violation of Title VII. The continuing violation theory is an equitable tolling doctrine which allows a Title VII plaintiff to bring claims based on incidents outside of the relevant filing period if those incidents are related to incidents within the filing period such that they create a continuing pattern of discrimination. See Mascheroni v. Board of Regents, 28 F.3d 1554, 1560 (10th Cir. 1994).

The district court rejected plaintiff's argument that her allegations demonstrated a continuing violation of Title VII. On appeal, plaintiff contends that the district court erred because at least four of the incidents she set out in support of her claim occurred during the relevant time period. She identifies those incidents as: 1) Mackie grabbing another employee's breast in February or March of 1994 (an incident plaintiff did not witness), 2) sometime afterwards, Mackie grabbing plaintiff around the waist,[1] 3) Mackie's resignation in July of 1994, and 4) an offer by defendant in October of 1994 for plaintiff to work in its Houston office, which she declined. Appellant's Br. at 27-28.

First, we agree with the district court that the last two incidents cannot be considered part of a continuing violation because they are not incidents of discrimination. See Mascheroni, 28 F.3d at 1562. As to the remaining two 1994 incidents, we must determine whether they are sufficiently related to the alleged

---

[1]     This incident was not included in plaintiff's allegations in her EEOC charge, but appeared in plaintiff's affidavit in support of her opposition to defendant's summary judgment motion. On appeal, plaintiff mischaracterizes the district court's order when she contends the court took her to task for presenting a sham affidavit. Appellant's Br. at 27 n.3. Defendants did object to plaintiff's affidavit as an attempt to create a sham factual issue. Nonetheless, the district court, although commenting that it viewed the newly alleged incident "with suspicion," did not conclude that the affidavit was a sham, but considered the incident in its continuing violation analysis. Appellant's App., Vol II, tab 10, at 4-5 n.3.

incidents occurring in 1992[2] that the events as a whole demonstrate a "dogged pattern" of discrimination, as differentiated from isolated or singular events. See Purrington, 996 F.2d at 1028. In making this determination in the first instance, the district court properly applied the three-factor analysis set out in Berry v. Board of Supervisors, 715 F.2d 971, 981 (5th Cir. 1983), and adopted by this court in Purrington, 966 F.2d at 1028. "The Berry court found three inquiries relevant, though not exhaustive: (1) whether the alleged acts involve the same type of violation, (2) whether the acts are recurring versus isolated; and perhaps most important, (3) whether the acts have the degree of permanence which should alert the employee to the duty to assert her rights." Id.

As to the first factor, both of the 1994 incidents can be classified as incidents of sexual harassment. Incidents which support a hostile work environment claim need not directly involve the plaintiff. See id. at 1029. However, the 1994 incidents are distant in time from those incidents alleged to have occurred in 1992. The passage of over one year between the specifically alleged incidents indicates that the discriminatory conduct was neither frequent nor continuing. Cf. West v. Philadelphia Elec. Co., 45 F.3d 744, 755-56 (3d Cir.

---

[2] Plaintiff's general allegation that Mackie "continued during 1993 to touch me offensively when he got the chance," Appellant's App. Vol II, tab 8, ex. E at 337, is not specific enough to constitute alleged incidents of discrimination. See Purrington, 996 F.2d at 1029.

1995) (harassing incidents occurred over more than four-year period of time, increasing in frequency and without respite). The second factor weighs against plaintiff's argument.

The third factor, the permanence of a given incident of discrimination, is defined in part as whether the nature of the alleged discriminatory incidents would put an employee on notice of the need to assert his or her rights. See Mascheroni, 28 F.3d at 1561. Looking at the various incidents alleged to have occurred outside the relevant filing period in this case, and viewing the evidence in a light most favorable to plaintiff, we conclude that plaintiff should have been aware long before the alleged events in the spring of 1994 that she should have asserted her rights. The incidents she alleges as occurring in 1992 are of a more serious nature than those alleged in 1994, including a death threat by Hyunh and an assault by Mackie where he allegedly put his hands down her blouse and fondled her breasts.[3] As this court has noted:

> The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated. The permanence prong of the Berry test limits the reach of the continuing violation theory by restricting its operation to those

---

[3] The record demonstrates that plaintiff was aware of the seriousness of the incidents in 1992 and of the need to take action to protect her rights. She filed a police report against Hyunh in October of 1992, and sought a protective order against him. She complained to her supervisor about both Hyunh and Mackie in 1992.

situations underscored by its equitable foundation. That is, if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome the statutory requirement of filing a charge with the EEOC with respect to that event or series of events.

Martin, 3 F.3d at 1415 n.6 (citations omitted); see also Galloway v. General Motors Serv. Parts Operations, 78 F.3d 1164, 1166-67 (7th Cir. 1996) (discussing policies behind third factor); Sabree v. United Bhd. of Carpenters & Joiners Local No. 33, 921 F.2d 396, 402 (1st Cir. 1990) (same).

Given this analysis, we agree with the district court that there was no genuine issue of material fact that the 1992 claims were time-barred. Even if the 1994 incidents constituted sexual harassment, they were not closely related to the 1992 incidents such that plaintiff has demonstrated a continuing violation of Title VII. See Purrington, 996 F.2d at 1029 (two incidents of harassment of other workers, occurring a year after harassment of plaintiff do not evidence a pattern of discrimination). We conclude the district court properly granted summary judgment to defendant on plaintiff's Title VII claim for hostile work environment. Accordingly, we also discern no abuse of discretion in the district court's decision

to dismiss plaintiff's pendent state claims.  The judgment of the United States

District Court for the Northern District of Oklahoma is AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge