## CARRABY vs. NAVARRE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The person who receives a debt as collateral security, is not otherwise responsible for it, except inasmuch as he has failed in discharging the duties of agent in making the collection.

A promise to pay a debt can be considered in no other light, but an acknowledgment of its existence.

One cannot renounce the right of pleading prescription, which may be thereafter acquired, but the debtor may renew his obligation, so as to make the time run from his acknowledgment, and not from the date of the engagement.

The facts are fully stated in the opinion of the court, delivered by *Porter J.*

This action is brought on a promissory note, given by the defendant in payment of a house and lot, purchased by her from Pierre and Antoine Carraby. The debt is secured by a mortgage of the property, which was the consideration of the note. The petition asks for judgment for the amount due, and for a sale of the mortgaged premises.

The answer admits the execution of the note, and avers, the defendant gave an order on the heirs of Fletcher, which was to be in full satisfaction of the price of the house and lot. To this defence is added, the plea of prescription.

There was judgment in the court of the first instance in favor of the plaintiff, and the defendant appealed.

The first ground of defence rests on the order given on the succession of Fletcher, which the plaintiff undertook to collect. It appears by the act of sale, to have been received as a collateral security, and the plaintiff is not otherwise responsible for it, except in as much as he has failed in discharging the duties of agent in making the collection. The evidence on this head, does not establish that means existed to collect the order. An attorney was employed, who brought suits in the name of the heirs of Fletcher, to obtain possession

of property, to which they assert a right, but as yet nothing has been recovered.

The next ground is the prescription of five years. The term of the contract of sale accorded to the buyer, the right to extend the payments for two years, on paying interest at ten per cent, by instalments every three months. The interest does not appear to have been paid, and it has been much debated at the bar, whether the failure of the defendant, to comply with the right of suspending the payment, did not leave the obligation in force from the expiration of the first three months. We need not examine this question, for on another ground, we think the exception cannot be sustained.

It is proved by testimony, which we are not authorised to reject, and which from all the circumstances of the case, we give credit to : that an agent of the plaintiff demanded payment of the defendant frequently since the year 1828, and that she answered by requesting him to have patience, " as she expected a sufficient sum from the estate of Fletcher, when settled, as would enable her to pay the price of the house and lot." By the *articles* 3486, 3516, 3517 *and* 3518 *of the Louisiana Code,* prescription is interrupted by the acknowledgment of the debtor. A promise to pay a debt can be considered in no other light but an acknowledgment of its existence. But it has been contended, that by another *article of the code,* (3423) prescription not acquired, cannot be renounced, and as this acknowledgment was made previous to the completion of the time necessary to the prescription, it can have no effect. We understand by the article last cited, that a man cannot renounce the right of pleading prescription, which may thereafter be acquired. But we do not understand, that the debtor may not renew his obligation, so as to make the time run from his acknowledgment, and not from the date of the engagement. The law clearly repels the argument relied on, by using the word *interrupt.* If the acknowledgment could only take effect after prescription was acquired, it might be *renounced,* but could not be *interrupted.* The latter act supposes the prescription progressing, and not accomplished.

A promise to pay a debt can be considered in no other light but an acknowledgment of its existence.

One cannot renounce the right of pleading prescription which may be thereafter acquired— but the debtor may renew his obligation so as to make the time run from his acknowledgment, and not from the date of the engagement.

EASTERN DIST.   In addition to these grounds of defence, it was urged, that
January, 1832.  the present plaintiff did not show that all the rights of the
NOLTE & CO.     partnership which sold, was vested in him.    But the evidence
vs.             we think, does fully establish it.
THEIR CREDI-
TORS ET ALS.

It is, therefore, ordered, adjudged, and decreed, that the
judgment of the District Court be affirmed with costs.