EASTERN DIST.
March, 1832.

GAZZAM
vs.
WRIGHT.

A party has no right to require his adversary to do every thing within the reach of industry to accomplish, in order to have the case ready for trial the first term—usual diligence is all that can be demanded.

---

## GAZZAM vs. WRIGHT.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Service on the master of a boat, put in command by the vendees after the sale to *them*, cannot be considered as a service on the vendor.

Proceedings *in rem*, are confined to cases in which the thing is abandoned, and the owner unknown or absent.

Where the owner is known, and in the state, the citation must be served on him, and cannot be legally made on the master.

EASTERN DIST.        This suit commenced by sequestration of the steamboat
*March*, 1832.   Saratoga, on a bottomry bond, given to secure the sum of two
GAZZAM           thousand dollars, advanced on her by the plaintiff. At the
*vs.*            time of the service of the sequestration, the defendant had
WRIGHT.          transferred all his right, title and interest in the boat, to two
individuals residing in Alexandria, in this state, neither of
whom was cited or made parties to the suit. The court *a*
*qua* was of opinion, and so decided, that this was a proceed-
ing *in rem*; that the seizure of the boat gave jurisdiction, and
that service of citation on the captain, was sufficient notice to
the absent owners. From a judgment in favor of the plaintiff,
directing the boat to be sold, the defendant appealed.

*Hennen*, for appellant, contended :

1. That no summons or citation issued to the defendant to
appear and answer, and consequently no judgment could be
rendered against him. *Code of Practice, articles* 206, 291—4.

2. The order and notices, by the above cited articles, were
not given, and consequently the judgment is erroneous on the
face of it. *Code of Practice, art.* 606, § 2, 4, 609.

3. As the owners of the boat were known residents in the
state, the plaintiff was bound to proceed against them in the
parish of Rapides, where they were domiciliated. *Civil Code,*
*art.* 3361. *Code of Practice, art.* 64.

*Lockett, contra.*

The proceedings in this case, were against the thing, and
plaintiff was not bound to cite the owners.

*Martin, J.* delivered the opinion of the court.

The plaintiff states himself the creditor of Wright on a
bottomry bond, on a steamboat, which has since been sold to
a third party, who resides at Alexandria, in this state. He
prays that the master of the boat and Wright, be cited ; that
the boat be sequestered ; that he may have judgment; that his
claim may be decreed to be a privileged one on the boat, and
that she may be sold to satisfy the judgment.

The citation was served on the master alone. He replevied
the boat, and pleaded the general issue. He, however, died
before trial, and his death was suggested on the record.

EASTERN DIST.
*March*, 1832.
GAZZAM
*vs.*
WRIGHT.

There was a judgment against Wright, for the satisfaction of which, the boat was directed to be sold, and he appealed.

It is difficult to ascertain the character of the present action. It has been contended it is one *in rem;* that judgment was sought against the appellant's vendees or the present owners of the boats, represented by the master ; nay, that the master represented the appellants also, and if the judgment against the latter be reversed, it may be affirmed as to the boat, or judgment be given against the owners, and the boat sold accordingly.

It has appeared to us, there is an insuperable objection to the affirming of the judgment against the appellant. Service on the master of the boat, put in command by his vendees, after the sale, cannot be considered as a service on him. He would rather be the representative of the owners, if they were absent, and this interest is adverse to the appellant's. The judgment against the latter must, therefore, be reversed.

There are two insuperable objections to the action being considered as one *in rem.* The owners are stated to be known residents of the state, and the *Code of Practice,* 284–5, appears to confine this action to cases in which the thing is abandoned, and the owner unknown or absent. There was no *monition* or notice to all persons interested, to come and answer. *Id.* 292. Such a notice alone, can be substituted to the ordinary citation.

We cannot give judgment against the owners. That the master may in certain cases represent the owner of the ship, may be true ; but when the owner is known, and in the state, the citation must be served on him, and cannot be legally so on the master. If this obstacle could be surmounted, another would present itself. The appellee has not prayed an amendment of the judgment in his favor against the owners, and they are not before us.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that the action be dismissed, and the costs paid by the appellee in both courts.

*Service on the master of a boat, put in command by the vendees after the sale to them, cannot be considered as a service on the vendor.*

*Proceedings in rem are confined to cases in which the thing is abandoned, and the owner unknown or absent.*

*Where the owner is known, and in the state, the citation must be served on him, and cannot be legally made on the master.*