## LAFOURCADE *vs.* BARRAN.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

An acknowledgment and promise by the debtor, that a debt is just and he will pay it, on a contingency, which soon after happens, is a sufficient promise and assumpsit, to interrupt prescription after it is complete, and bind the promissor in a new obligation to pay.

This suit is instituted for the recovery of the amount of five promissory notes executed by the defendant in favor of the plaintiff in Bourdeaux, in France, and payable in New-Orleans, amounting in all to one thousand two hundred and nineteen dollars eighty cents, exclusive of interest.

The defendant admitted his signature to the notes sued on, but denied that he was liable or indebted to the plaintiff for their amount ; and pleaded the prescription of five years, in bar of the action.    On a comparison of the dates of the notes sued on, it was evident that five years had elapsed, in regard to all of them, from the time they became due and payable, before the commencement of suit.

The testimony showed, the defendant on being written to by the plaintiff's attorney to pay the notes, called on the latter and stated, that "the demand was a just one, but that he had no means, not even money to go to market ; and that a suit would only increase the expenses, without possibility of recovering any amount.    He said, the only chance of being paid, was for the plaintiff to wait the death of his wife ; if she died first, he would be her heir, and in such case, the whole amount would be paid ; but, that if he died before his wife, the whole would be lost.    After the death of defendant's wife, he told plaintiff's attorney, that his wife was dead, and that he would pay the claim as soon as her estate was settled.    He several times afterwards stated that the property of his wife was to be sold, and after the

sale he would pay the plaintiff's demand," &c. He finally refused, and resolved to plead prescription.

The parish judge on this evidence, decided, that the defendant by his reiterated promises, interrupted and waived all prescription in his favor. Judgment was rendered against him for the amount of the plaintiff's claim, from which he appealed.

*Denis*, for the plaintiff.

*D. Seghers, contra.*

*Mathews, J.*, delivered the opinion of the court.

This action is founded on several promissory notes, made by the defendant in favor of the plaintiff, for the amount of which judgment was rendered in the court below, and an appeal taken by the former.

The making of the notes is not denied, but the defendant relies on a plea of prescription to release him from his promises and obligations. A simple comparison of dates, viz : the time when the notes became due, with the time when this suit was commenced, shows a period of sufficient length to support the prescription of five years, as pleaded. Interruption, by an intermediate promise and assumpsit is, however, alleged on the part of the plaintiff, and, as believed by the court below, was fully proven; and from an attentive examination of the testimony, our minds have been brought to the same conclusion, as the case involves no other question, and this being one of fact.

An acknowledgment and promise by the debtor, that a debt is just and he will pay it on a contingency which soon after happens, is a sufficient promise and assumpsit to interrupt prescription after it is complete, and bind the promisor in a new obligation to pay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.