Garland, J.
This is an action on a bill of exchange for £i5000 sterling, drawn in London, by O. F. Mercer, as the attorney of the Union Bank of Florida, on Samuel Jaudon, agent of the Bank of the United States in said city, and accepted by him as such. The bill was protested for non-payment at maturity, and interest and damages are claimed according to the law of England. The suit was commenced by attachment, and a number of persons cited as garnishees, among whom is Robert Copland, now an appellee in one of the two appeals which have arisen out of this case. See 11 Robinson, 160.
The petition was filed on the 15th of May, 1843, and an attachment was taken out on the same day, and notice of it given to the garnishees. The Sheriff concludes his return on it by saying: “ The defendants residing out of the State, I posted eopies at the door of the church, and at that of the room in which this honorable court is held.” No citation was issued directed to the defendants at all. On the 16th of May, Thomas Slidell, Esq. was appointed by the court to represent the absent defendants as their attorney; and, on the same day, a citation addressed to him as such, was issued, and served by the Sheriff. Mr. Slidell took no exception to the irregularity of, or want of eitation to the defendants; but some months after, filed an answer to the merits, denying in general terms the justice of the demand.
At the trial, the plaintiffs proved that the bill was signed by Mercer, as the attorney in fact of the Union Bank of Florida, which he was reputed to be, in London; and that it was delivered by him to the plaintiffs, to hold as security for the repayment of a much larger sum of money, which they had previously, at the joint request of Mercer and Jaudon, as attorneys as aforesaid, advanced to the Union Bank, under the guaranty of the Bank of the United States. They further proved, that Jaudon accepted the bill as attorney, or agent of the Bank of the United States, and that he “ was the duly authorized agent and attorney of the Bank, and that he acted in that capacity in London, from about the month of November, 1839, down to about the month of November, 1841.” The witness said, that he had *458 ' seen and read the power of attorney granted to Jaudon by the president and directors of the United States Bank, dated August 23, 1839, and it authorized him, among many other things, “to contract and agree generally in behalf of the Bank, and to draw, accept, endorse, and negotiate and deliver all such drafts, checks, bills, bonds, or other securities or evidence of debt, as he, the said Jaudon, might think proper and fit.” Upon this evidence, and proof of protest of the bill, a judgment was, on the 15th of December, 1843, given for the plaintiffs, from which, on the 27th of January, 1845, an appeal was taken by the defendants.
The first question presented to us, is a motion to dismiss the appeal on two- grounds, first, because more than one year had elapsed from the rendition of the judgment before the appeal was taken; and secondly, because the right of appeal can only be exercised by the defendants, and not by their attorney in his capacity as such. In reply to the first ground, it is stated and shown by the record, that the Bank is a non-resident, being a corporation located in another State, and has under art. 593, of the Code of Practice, a right to appeal within two years. This answer to the motion to dismiss, appears to us conclusive. The plaintiffs, in their petition and affidavit, say that the president, directors, and company of the Bank reside out of the State of Louisiana, and, on that ground, claim an attachment against them. They cannot now recall these allegations, and deprive the appellants of their right to appeal.
As to the second ground for dismissal, we are of opinion that it is insufficient. The petition of appeal, it is true, is in the name of .the attorney appointed to represent the Bank; but he alleges, that the error in the judgment is to the prejudice of the defendants, wherefore, he prays, in their behalf, for an appeal, and it is granted to them in the order of the Judge. We do not look so much to the form pursued as to the substance, and no one can hesitate in saying, that the appeal is that of the Bank. The attorney as such, has no such interest known to us, as will authorize him to appeal separately from those he represents. We are, therefore, of opinion, that the appeal ought not to be dismissed.
The appeal was made returnable on Monday, the 10th of Feb *459 ruary, 1845; but, as a record already in this court was to be used, it was, in fact, filed here on the same day it was granted by the inferior court, to wit, the 27th of January, On the 17th of February, the appellant sfiled as points; 1st, “ The judgment is a nullity, the proceedings anterior thereto being informal and void, and should be so declared.” 2d. If it is not null and void, yet it is against law and evidence, and should be reversed.
On the 24th of February, the counsel representing the absent defendants filed another paper in court, which, on its face, is an answer to the petition of appeal, taken by the plaintiffs from an order or decree of the Commercial Court, authorizing Robert Copland to file certain answers as a garnishee. In this document, the counsel, after denying that there is any error to the prejudice of the plaintiffs in the decrees appealed from, prays that those decrees, so far as adverse to the appellants, may be affirmed. He then proceeds, and asks this court to declare the principal judgment against the defendants a nullity, because, all the proceedings anterior thereto were informal and insufficient in law, whereon to found said judgment, “ and especially for want of citation.” The court is asked to decree various other matters and things, but no other irregularity anterior to the judgment is specifically set forth, other than the want of a citation directed to the defendants by name.
The appeal taken by the defendants, and that taken by the plaintiffs from the decrees in favor of Copland, were argued together in this court; and the counsel has used his points and objections filed in one case, to aid him in defeating the plaintiffs in the other. This practice we do not think is sanctioned by law. The points upon which the defendants intended to rely, should have been stated in each case, in the manner directed, so that the plaintiffs might know how to meet them. The counsel for the defendants says, that this-case, and some others against them, are peculiarly situated, and that he feels bound to resort to the most technical practice to defeat them. This he has a right to do ; but the counsel ‘ on the other side say, that the rule must work both ways; and they also stand on the letter of the law, and say that the defendants cannot have the benefit of any errors of law appearing on the face of the record, as they have *460 not alleged them in writing, within ten days after the record was filed in court.
There is no doubt but the nullity of a judgment can be demanded on the appeal, when the nullity is apparent on the record; (Code of Pract. art. 609 ;) and the want of a citation, when the proceedings are not in rent;, is such an apparent error as will annul the judgment. 3 La. 451. But the Code of Practice, art. 897, directs in what manner the apparent error must be made known. It says, when the appellant does not rely wholly on a statement of facts, an exception to the Judge’s opinion, or a special verdict, to sustain his appeal, but on an error of law appearing on the record, he shall be allowed to allege such error, if in ten days after the record is brought up, he files a written paper stating specially such errors; otherwise his appeal shall be rejected. There are many decisions of this court stating what can be assigned as apparent error, and what cannot j and there are no principles better settled, than that the party complaining must plainly and fully state the errors, and that nothing can be assigned which depends on the facts of the case, nor which could'bave been cured by'legal evidence on the trial. 6 Mart. N. S. 640. 2 La. 225. 6 La. 72. 10 La. 154. 11 La. 92. In the case before us, the errors alleged as apparent are set forth in the most general terms ; they were not filed within the ten days succeeding the filing of the record ; and it is by no means clear that the objections now raised, if they had been made in the court below, might not have been cured by legal testimony. The Sheriff could probably have amended his return, and have shown that the citation was legally posted on the doors of the church and courtroom, and other evidence could probably have been introduced to establish the regularity of the proceedings. We admit, that there was much force in the objections raised by the counsel in argument, and if he had pursued the course indicated by law, it ¡S' possible we should have been compelled to annul the judgment. But a strong case must be made out to entitle a defendant to relief, whose counsel makes no objection to the regularity of the proceedings in the inferior court, but files an answer to the merits, and some sixteen months after a judgment has been rendered, *461 comes into this court, and raises exceptions that could have been examined and tried in the first instance much more satisfactorily.
An absentee against whom an action has been commenced by attachment, must be cited by affixing copies of the attachment and citation on the door of the parish church, or of the room 'in which the court sits, as directed by art. 254, of the Code of Practice. Service of citation on the attorney appointed to represent the absentee, is insufficient. Citation being the basis of every action, (C. P. 206,) and the formalities prescribed by art. 254, of the Code of Practice, being in lieu of it, their omission will be fatal.
Informalities in the citation of an absentee, against whom suit has been commenced by attachment, cannot be waived by any act of the attorney appointed to represent him, as by filing an answer to the merits, without objecting to the citation, &c.; and such informalities may be taken advantage of, for the first time, on appeal.
This suit was commenced by attachment against an absent defendant. The record of appeal comes up with a certificate, declaring that it contains all the proceedings and evidence on which the cause was tried.
*461 Upon the merits, the counsel for the defendants urges, that there is no evidence of authority in Jaudon to accept the bill. We think otherwise. Gridley, a witness for the plaintiffs, says, that he has seen the power of attorney, and that it authorized the agent, Jaudon, to draw, accept, endorse and negotiate bills of exchange and promissory notes. &c., as he might think proper and fit. The testimony of this witness, and that of Huston, the clerk of the plaintiffs, was admitted without objection, and, in the absence of any proof to the contrary, make out the case. If Jaudon exceeded his authority in any respect, it was very easy for the defendants to have proved it. They knew what authority he possessed, and could .no doubt have produced the power of attorney, if its production would have been of any service. It is not in the possession of the plaintiffs, nor under their control, and all they can do is to prove its contents.
It is ordered and decreed, that the judgment be affirmed with costs.