## E. A. W. LACKEY *v.* JOHN R. MACMURDO.

This was an action on a promissory note to which defendant plead prescription. The proof, to sustain the plea, was that the note was exhibited to defendant and inquiry made as to what he would do in regard to it; defendant answered, he would not pay it; that it was a debt of *A. L. Addison & Co.* [of which firm defendant was a member]; that they had compromised nearly all their debts at fifteen cents in the dollar; that he was willing to pay that amount on the face of the note and take it up, but that he would not pay any more. The witness could not state whether defendant used the word debt or note, or whether he used either, when alluding to it as one of the obligations of the old house of *A. L. Addison & Co. Held:* This was not a sufficient acknowledgment to interrupt prescription.

The interruption of prescription affects the rights and obligations of the parties to the contract. The proof, therefore, of the assent to such change on the part of the debtor, should be clear and unequivocal; the assent need not be express—it may be inferred; but the circumstances should be such as to justify a reasonable presumption that the debtor was willing so to change his position for the creditor's benefit.

Where a debtor proposes to compound with his creditors by paying them a certain percentage on their debts, he makes an explicit acknowledgement of the amount due to them. *Ogden, J.,* dissenting.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
*Hunton & Bradford,* for plaintiff:

It is well settled that prescription being once interrupted, the previous time can never afterwards be computed to make up the time necessary to prescribe, which recommences only from the cessation of the interruption. *Riviere* v. *Spencer,* 2 M. R. 83. *Badon* v. *Bahan,* 4 An. R. 467.

It is equally well settled that prescription is interrupted whenever the debtor or possessor acknowledges the debt, or adverse right against which it was running; so a promise to pay, or a partial payment before prescription, being an acknowledgment of the debt, will have the same effect. C. C. 3486, 3516, and 17. *Carraby* v. *Navarre,* 3 L. R. 262. *Lafourcade* v. *Barran,* 8 L. R. 283. *Shiff* v. *Hertzog,* 12 L. R. 455. *Montgomery* v. *Levistones,* 8 R. R. 145. *Parker* v. *Bernard,* 9 R. R. 18. *Butler* v. *Ford,* 9 R. R. 113. See also *Buard* v. *Lemée,* Syndic, 12 R. R. 250. *Blossman* v. *Mather,* 5 An. R. 335.

The same principles are settled under the common law, and they have been applied in a case which curiously corresponds, in all its circumstances, to the

one before the court. "Where the attorney of the plaintiff, meeting one of the defendants, observed to him that the plaintiff's account against them was in his hands—to which such defendant replied, that it was one of the old copartnership debts; the plaintiff ought to do with it as the other creditors had done—accept fifteen cents on the dollar; he would pay that at any time." *Held :* That this was an acknowledgment of a debt still due. *Austin* v. *Bostwick,* 9 Conn. R. 496. U. S. Digest, vol. 2, p. 818, No. 587.

*Elmore & King,* for defendant and appellant:

The most that can be said is, that if the holder of the note had accepted defendant's offer to pay fifteen cents on the dollar, that he, defendant, would have been bound so far as that amount was concerned, and no further; and the offer having been refused, it had no effect. See 2d vol. U. S. Digest, p. 816, Nos. 535-8, 546-7. In *Tyson* v. *McGill,* 15 L. R. 145, defendant told plaintiff's counsel, that "he would pay the note if long time enough was given him." The Court said: "The conditional offer made by defendant, in a conversation with plaintiff's counsel, does not, in our opinion, amount to a new promise which entitles plaintiff to recover."

The judge of the lower court admits, that the acknowledgment of a debt would not be sufficient to renounce a prescription already acquired; but says it is sufficient to interrupt prescription. Insisting that the acknowledgment which would interrupt prescription may be of a much weaker and less distinct character than one which would be necessary to renounce prescription. This proposition we earnestly protest against. The law makes no such distinction, and we do not think that there is any reason for such a distinction. Upon the contrary, we say, that the acknowledgment to renounce prescription need be no stronger than the acknowledgment to interrupt it. Whilst we say this, we admit that there may be a difference in the mode of proving the acknowledgment, as well as the effect it will have upon the party making the acknowledgment, and upon others. This is fully explained by Pothier, Nos. 665-6-7. See 2d volume of Troplong on Prescription, sec. 613, p. 152.

We find no decision in our Reports, that recognizes the distinction upon which the court below decided against the defendant. *Blossman* v. *Mather,* 5 An. 840. C. C. 3486.

SLIDELL, C. J. This suit was brought in February, 1853, upon a note made by the firm of *A. L Addison & Co.,* dated 24th May, 1845, and payable one year after date.

It is proved, that the defendant was, at the date of the note, a member of the firm of *A. L. Addison & Co. ;* that the firm name was signed by him; and that they had compromised most of their debts at fifteen cents on the dollar. The defence rests entirely on the plea of prescription; and the only question to be determined is, whether an interruption of prescription has been proved. The reliance of the plaintiff is upon a conversation had between *Macmurdo* and a witness, who was sent to him in November 1848 to ask payment of the note, or obtain some settlement from him. The substance of the witness' testimony is, that when he exhibited the note, and asked the defendant what he would do in regard to it, the latter answered he would not pay it; that it was a debt of *A. L. Addison & Co.;* that they had compromised nearly all their debts at fifteen cents on the dollar; that he was willing to pay that amount on the face of the note and take it up, but that he would not pay any more. On further examination, the witness said he could not state whether the defendant used the word debt or note, or indeed whether he used either, when alluding to it as one of the obligations of the old house of *A. L. Addison & Co.*

In treating of the causes which interrupt prescription, the Code says: Prescription ceases likewise to run, whenever the debtor or possessor makes *acknowledgment of the right* of the persons whose title they prescribed, or as is expressed in the French text, which is taken from Article 2248 of the Napo-

leon Code: La prescription est interrompue également par *la reconnaisance* que le débiteur, ou la possesseurs, fait *du droit* de celui contre lequel il prescrivait.

In estimating the effect to be given to the conversation above mentioned, it is proper to consider what is the effect of an interruption. The effect would be to destroy the consequences which otherwise would have resulted from the lapse of time between the maturity of the note and the date of the conversation, that is to say, the note being subject to the prescription of five years, and more than two years of this time having already run, if there was an interruption, its effect would be to give a new date as the starting point for the cause of prescription; so that the note would be prescribed, not in five years from the 27th of May, 1846, which was the original condition of the contract, but in five years from November, 1848. As, therefore, the alleged interruption practically affects the rights and obligations of the parties to a contract, it is reasonable to require, then, the proof of an assent to such a change on the part of the debtor, should be clear and unequivocal. It is not indeed necessary that the assent should be express; it may be inferred. But the circumstances should be such as to justify a reasonable presumption that the debtor was willing so to change his position for the creditor's benefit.

Applying these principles to the case before us, we are not prepared to say that an assent to the interruption of prescription, clearly results from what was said by the defendant. We consider the conversation, taken as a whole, as a proposition, by the defendant, to buy his peace, as an offer of partial payment, upon condition that the note should be given up to him, which proposition was declined by the debtor, and so the position of the parties remained unchanged. It does not appear to us to amount to such an "acknowledgment of the right" of the creditor as the Code contemplates.

We have looked into the cases in our own Reports, cited by the plaintiff, and do not think they cover the case before us. A brief review of them will show the difference.

In *Carraby* v. *Navarre*, the court deduced the acknowledgment which interrupted prescription, from a request of indulgence, coupled with the expression of the debtor's expectation of receiving, from a certain source, a sum which would enable her to pay the debt, to which request the creditor seems to have assented. 3 La. 263.

In *Lafourcade* v. *Barran*, 8 La. 283, the testimony was, that the debtor had stated the debt was a just one, and had asked the creditor to wait, and from time to time made promises that he would pay when his wife's estate should be settled; when his wife's property should be sold, &c. Martin, Justice, in affirming the judgment of the district court, who had held there was an interruption of prescription by reiterated promises, observes: "Interruption by an intermediate promise and assumpsit is alleged on the part of the plaintiff, and, as believed by the court below, was fully proven; and from an attentive examination of the evidence, our minds have been brought to the same conclusion."

In *Shiff* v. *Hertzog*, 12 La. 456, the debtor speaks, in his letter, of the note as one "dont je vous suis redevable," *which I owe* you; says his other creditors have given him, some years previous to the date of his letter, a delay of nine or ten years without interest, and his duty to them obliges him to postpone the plaintiff's claim for a like period, and hopes he will consent to the

LACKEY
*v.*
MACMURDO.

arrangement. The creditor does not appear to have declined the offer; and brought suit at the expiration of the proposed delay.

In *Montgomery* v. *Levistones*, 8 Rob. 147, there were payments made out of the hire of certain slaves left in the possession of the creditor by the debtor, and this possession was considered a standing acknowledgment on the part of the defendant of his indebtedness. So far as the decision in the case rests upon another and independent ground, the letter of defendant mentioned in the opinion, we might hesitate in giving it our concurrence. It seems to conflict with the subsequent case of *Blossman* v. *Mather*, 5 An. 335. But at all events there was no declaration of the debtor, that he would not pay anything unless the creditor submitted to a reduction.

In *Parker* v. *Bernard*, 9 Rob. 19, the prescription was held to have been interrupted by partial payments, which do not appear to have been tendered or received with any qualification whatever. It was a clear case of interruption.

In *Butler* v. *Ford*, 9 Rob. 113, the evidence showed that a few months before the suit was brought, the debtor, who was a surety, not only acknowledged his creditor's right to be paid, but promised expressly to pay if his principal did not.

As our law of prescription and statutes of limitations in common law States have their points of difference, we think it most safe to rely upon our own jurisprudence and the principles of the civil law in matters of prescription.

It is therefore decreed, that the judgment of the District Court be reversed, and that there be judgment for defendant; the plaintiff paying costs in both courts.

VOORHIES, J., BUCHANAN, J., and CAMPBELL, J., concurring.

OGDEN, J., dissenting. The note sued on is in the hand-writing of the defendant, who was a member of the firm of *A. L. Addison & Co.*, whose signature it bears. The offer of the defendant, when the note was presented to him for settlement within the period of prescription, to pay fifteen cents on the dollar, as a composition of the debt, on the same terms which had been accepted by most of the creditors of the firm of *A. L. Addison & Co.*, in my opinion, amounts to a sufficient acknowledgment to interrupt prescription. It seems to me, such an offer could not be made without acknowledging the debt. If it had been an offer to pay fifteen cents on the dollar, unaccompanied by any reason or explanation for making the offer; or if any other reason had been assigned than the inability of the firm to pay more, it would, or not, according to the circumstances, have amounted to an acknowledgment of the debt. But I think, when a debtor proposes to compound with his creditors by paying them a certain per centage on their debts, he makes an explicit acknowledgment of the amount due to them. If the prescription had been already acquired, such an offer could not be held to be a renunciation of the right to plead prescription; but there is a difference between the acknowledgment of a debt sufficient to interrupt prescription and the renunciation of prescription after it is complete. The acknowledgment rebuts the presumption that the debt is paid and interrupts the prescription which had commenced running. The renunciation of prescription when once acquired, is equivalent to a new promise, and if conditional, is not binding unless the condition is accepted. The case of *Tyson* v. *McGill*, 15 L. R., relied on by the defendant's counsel, where the debtor said, "that he would pay the note if long time enough was given him," must have been, I think, from the report of the facts, a case where

the prescription had been already acquired. The case cited on the part of the plaintiff, of *Austin* v. *Bostwick*, 9 Conn. R. 496, is the only adjudicated case I have been able to find exactly analogous to the present one, and there, under precisely the same state of facts, it was held, that the case was taken out of the statute of limitation.

The judgment of the court below, in my opinion, ought to be affirmed.