LAND, J.
 

 Defendant assigns as error the refusal of the Court of Appeal to sustain his plea of prescription of five years, urged against the suit of plaintiff bank on a demand note signed hy defendant and W. T. Tippen as makers in solido. Tippen had died before suit was instituted, and Gause alone is made party defendant. The basis of defendant’s complaint is that the decisions cited in the opinion of the Court of Appeal have been superseded hy article 2278 of the Civil Code, prohibiting the reception of parol evidence to prove acknowledgment or promise of a party deceased, to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed.
 

 The plaintiff bank does not rely upon parol evidence in this case.
 

 Defendant has judicially admitted in his answer “That said W. T. Tippen had pledged certain collateral as security for said note, and the same should be fully accounted for.” This collateral was collected and applied by the hank less than five years ago to the payment of the first note given by Tippen to the bank, and the balance of the proceeds credited on the present note. The note sued on is of date February 16, 1916, and the possession by plaintiff bank of the collateral pledged by Tippen suspended prescription on said note during the period prior to the last credit entered on the note, February 9, 1922.
 

 Prescription does not run as long as the thing pledged remains in the possession of the pledgee. Begue v. St. Marc, 47 La. Ann. 1151, 17 So. 700; Montgomery v. Levis-tones, 8 Rob. 145.
 

 Defendant having admitted in his answer the existence of this collateral, and having demanded of plaintiff bank an ac-counting of the same, and the proceeds of the collateral having been applied to the note sued on, prescription did not commence to run as to the defendant until after the date of the last credit on said note, February 9, 1922.
 

 The judgment of the Court of Appeal properly rejected the plea of prescription.
 

 Judgment affirmed.