THIBERGE PRINTING CO v. DRUMM

———

(Feb. 14, 1927.   Opinion and Decree.)

———

(*Syllabus by the Court.*)

1. **Louisiana Digest—Pleading—Par. 125.**

Evidence unobjected to takes the place of pleading.

2. **Louisiana Digest—Appeal—Par. 625.**

On questions of fact the judgment of the lower court will be affirmed unless clearly erroneous.

Appeal from First City Court, Section "A".   Hon. W. A. Bahns, Judge.

Action by H. A. Thiberge Printing Company against Ed. T. Drumm.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

O. S. Livaudais,. of New Orleans, attorney for plaintiff, appellee.

Puneky & Barrios, of New Orleans, attorneys for defendant, appellant.

JONES, J.   This is a suit for one hundred and forty and 00-100 ($140.00) dollars,. balance due for material and labor in printing fifteen hundred pamphlets.

The petition alleges that the total bill was two hundred and 00-100 ($200.00) dollars, that fifty and 00-100 ($50.00) dollars had been paid thereon by defendant and that a credit of ten and 00-100 ($10.00) dollars had been allowed on defendant's request.

The defendant after admitting the payment of fifty and 00-100 ($50.00) dollars, denying that he requested a credit of ten and 00-100 ($10.00) dollars, but admitting that he asked that the binding be left unfinished, avers that petitioner's contract was made by him as agent for R. J. Williams of Mississippi and that he (defendant) owes plaintiff nothing.

As the preponderance of evidence on the question of agency is clearly with plaintiff, defendant's main argument is on a question of law, namely, that the suit was brought on a quantum meruit and that plaintiff can not recover on a contract although both parties testified that the contract price was two hundred and 00-100 dollars ($200.00) dollars.

Had defendant objected to the evidence of plaintiff tending to show the contract there might have been something in the argument, but the principle that evidence unobjected to takes the place of pleading is so deeply grounded in our law that it is hardly necessary to cite authorities.

See Draper vs. Richards, 20 La. Ann. 306.

State vs. Mechanics Bank, 35 La. Ann. 562.

Defendant cites Nogan vs. Gibson, 12 La. 456, as authority for his position.

In this case suit was brought on a quantum meruit for a balance of twenty-three hundred and eighty-four and 00-100 ($2,384.00) dollars for work on a building well worth forty-five hundred and 00-100 ($4,500.00) dollars.   Defendant answered

that the work was done under a contract for twenty-five hundred and 00-100 ($2,500.00) dollars, and that twenty-one hundred and 00-100 ($2,100.00) dollars had been paid thereon and balance was not due because work was never completed. The evidence showed there was a contract. In the course of the opinion the court said:

"The court further stated, that under the pleadings, if the jury was satisfied there was a contract, as stated in the answer, they were bound to find a verdict for defendant, that plaintiff could not recover for extra work in the present action."

In other words, the court holds that the price of the work had been fixed by contract and that plaintiff could not demand more than that price. Plainly that case has no application here.

For the above reasons the judgment is affirmed.