(173 La. 795)

## MILLS v. MILLS.
### No. 30497.

Supreme Court of Louisiana.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

J. B. Dawkins, of Monroe, for appellant.

A. D. Flowers, of Jena, for appellee.

ROGERS, J.

On January 9, 1925, William H. Mills entered suit in the Eighth district court of La Salle parish to obtain a judgment of separation of bed and board from his wife, Mary Annie Mills. Mrs. Mills was living at the time in the state of California, and a curator ad hoc was appointed to represent her. The curator ad hoc communicated with Mrs. Mills, and in due time an answer was filed and the case tried, resulting in a judgment in favor of plaintiff. An agreement between the spouses affecting their property rights was incorporated in the judgment. This agreement provided for a cash payment of $2,000 to Mrs. Mills in settlement of her rights in the matrimonial community and for all claims for future support, with certain exceptions. These exceptions reserved to Mrs. Mills all rentals due and to become due from mineral leases, one-half of the oil royalties, and all the hardwood timber on

certain described lands. The agreement further provided for the payment by William H. Mills to Mary Annie Mills for the use, benefit and support of their four minor children the sum of $15 per month for each child, the payments to cease when the children reached their majority. The agreement also provided for the payment to Mrs. Mills during her natural life of $250 per annum for two successive years and $480 per annum thereafter, conditioned upon Mrs. Mills being "wholly incapable of self support," payment to cease immediately upon the absence of such conditions.

On September 21, 1929, more than four years after the rendition of the judgment of separation from bed and board, Mary Annie Mills ruled William H. Mills into court for contempt, alleging that he was in arrears in the payment of alimony due her under said judgment of approximately $1,200. At that time three of the children were past the age of majority and the fourth child had nearly reached that age. After certain exceptions were disposed of, an answer was filed by the defendant in rule.

On October 5, 1929, William H. Mills, alleging that more than twelve months had elapsed since he had obtained the judgment of separation from bed and board, and that no reconciliation had taken place, sued Mary Annie Mills for a final divorce. He also prayed that he be relieved from all future annual payments to Mrs. Mills as provided in that judgment. Answer was filed by Mrs. Mills, and the suit and the rule for alimony were consolidated for purposes of trial.

During the course of the trial approximately five hundred checks, representing several thousand dollars, were produced by Mills showing payments to Mrs. Mills and to and for account of the children; these latter payments being made without any objection on the part of Mrs. Mills.

On November 2, 1929, the district court rendered a judgment in the original suit discharging the rule for contempt, but ordering defendant in rule to pay to Mrs. Mary Annie Mills $44.90 for the use and benefit of the remaining minor child. And on the same day the court rendered another judgment in the second suit awarding William H. Mills a divorce against his wife, and decreeing that portion of the judgment in the original suit condemning Mills to make certain annual payments to his wife for her personal use to be inoperative from and after the date of this judgment.

The case has been argued on behalf of the parties litigant as if both judgments were before this court for review. But this is not the case. There was only one appeal applied for, granted and perfected, and that was an appeal from the judgment rendered in the

672

suit for a divorce. The correctness, vel non, of that judgment is the only matter to be determined by this court on the record brought up by the appellant.

The appellant does not question, and she cannot question, the correctness of that part of the judgment appealed from awarding appellee a final divorce. Nearly five years elapsed between the institution of the suit for divorce and the rendition of the judgment of separation from bed and board, and no reconciliation had been effected between the parties in the interval. Appellant's complaint is directed against that part of the judgment relieving appellee of the obligation of making her certain annual payments for her personal use.

■ The trial judge expressly found that appellee had fully complied with the obligation in question up to the rendition of his present judgment. He also correctly held that appellant, not being the aggrieved party in the divorce proceedings, was not entitled to any alimony under the law. He also determined the other issues presented against the appellant.

■■ The burden rests upon appellant to show to our satisfaction that the judgment of which she complains is erroneous. Hanton v. New Orleans & C. R. L. & P. Co., 124 La. 562, 583, 50 So. 544, 552. Appellant has made no such showing. And we are not convinced, from our examination of the record, that the judgment under review does not do justice between the parties.

■ The agreement between the appellant and the appellee and the judgment rendered thereon provides that appellee is to make the annual payments for the personal use of his wife only in the event she is "wholly incapable of self-support." This provision appears to be an independent stipulation unconnected with the provisions relating to the settlement of the property rights of the parties and the amount of the monthly alimony to be paid for the support of the minor children.

The record fails to disclose that appellant is "wholly incapable of self-support." Appellant is a woman of culture and education, and before her marriage was engaged in the teaching profession. The record shows that she is not presently in need of any financial assistance from appellee.

Appellant owns a modest home in the city of Los Angeles, where she resides a part of her time with her unmarried son, who is a practicing lawyer in that city. This son was above the age of majority at the time the suit for separation from bed and board was instituted, and, as a consequence, is not re-ferred to therein. Appellant also spends a part of her time traveling about the country visiting two of her daughters. One of these daughters is married and lives in comfortable circumstances in the city of Eldorado, Ark. The other daughter resides in the city of New York, where she appears to occupy a prominent place in theatrical circles. The youngest daughter and the youngest child holds a responsible clerical position. And the youngest son is presently engaged in the study of music; his expenses therefor being defrayed by the appellee.

On the other hand, appellee is not shown to be possessed of any means. He lives alone in a small house out in the woods near the village of Olla, and his income is mainly, if not entirely, derived from the fees he receives as a justice of the peace.

For the reasons assigned, the judgment appealed from is affirmed.