## FARRNBACHER et al. v. LEVY.

### No. 1827.

Court of Appeal of Louisiana. First Circuit.

April 7, 1938.

Robert C. Taylor, of Baton Rouge, for appellants.

Breazeale & Sachse, of Baton Rouge, for appellee.

OTT, Judge.

Plaintiffs are the owners of a building at No. 321 Lafayette street in the city of Baton Rouge, and sue to recover of the defendant the sum of $270 which they claim to be the balance due them. They allege that the property was leased to defendant on or about January 10, 1933, for the monthly rental of $75; that on or about April 1, 1934, by mutual consent, the rent was reduced to $60 per month for the period beginning April 10, 1934; that the defendant occupied the premises from January 10, 1933, to March 22, 1937, when the lease was canceled by mutual consent; and that defendant then owed the above balance after allowing credits for all payments made by him during the entire period.

In the alternative, plaintiffs allege that if the court should hold that the change in the monthly rent in April, 1934, constituted a new agreement and that the payments made by defendant since that date should be applied to the rents accruing under the new agreement, then they allege that the goods and effects of the defendant remained in the premises until March 22,

1937, thereby constituting a continuous pledge for the payment of any past-due rent, and thereby interrupting any prescription that might have otherwise accrued. Still further pleading in the alternative, they allege if the court should hold that the change in the rent constituted a new contract and the payments made after the change should be applied to this new agreement, then they aver that on or about April 1, 1934, and at other times thereafter, the defendant acknowledged the correctness of the balance of said rent.

Defendant filed a motion to require plaintiffs to elect whether or not they were claiming this balance on a running account from January, 1933, to the 22d of March, 1937, or for the balance due up to the time the new agreement was made in April, 1934. This motion was denied. Defendant also filed an exception of vagueness which was sustained, whereupon plaintiffs filed an amended petition in which they reiterated all of the allegations of their original petition, and further aver that all the payments made by defendant during the entire time of his occupancy of the premises were imputed to the oldest balance on the running rent account, and that the rent now claimed was due for the months of November and December, 1936, and January and February and a part of March, 1937.

Defendant denied that he owed any further rent; that, if there was any balance due under the first agreement, same has long since prescribed, which prescription he pleads; that all rent under the second agreement, accruing since April, 1934, has been paid. There was judgment for defendant, and the plaintiffs appeal.

■ The ledger sheets offered in evidence by plaintiffs show that from April 10, 1934, to March 10, 1937, the defendant was charged with rent in the sum of $60 on the tenth of each month. These same ledger sheets, kept by plaintiffs' bookkeeper, show that defendant paid from April 2, 1934, to March 5, 1937, the sum of $30 twice each month, one payment being made near the first of each month and the other near the middle of the month. The last payment of $22 was made on March 24, 1937, two days after defendant vacated the premises, for which payment defendant was given a receipt with the notation thereon "on ac-rent to ³⁄₂₂." Not only do the ledger sheets kept by plaintiffs show that the rent payments from April, 1934,

to March 24, 1937, cover the rent between those dates, but one of the plaintiffs and their collector practically admit that such was the case. These witnesses admit that these two payments of $30 each month went to pay the current rent at the rate of $60 per month from April, 1934, until the lease terminated, but they both contend that defendant was to make some additional payments on the rent due prior to April, 1934, but he did not do so.

It follows that if defendant owed any balance for rent it was for rent that had accrued prior to April, 1934, under the lease, while the rent was $75 per month. The suit was filed June 16, 1937, and it is obvious that whatever rent was due under the old agreement was prescribed under article 3538 of Civil Code, unless there was an interruption of the running of prescription.

■ The trial court reached the conclusion that the evidence showed that defendant had paid all rent accruing after April, 1934; in that conclusion, we readily concur. But he also held that, as plaintiffs, in their amended petition, had alleged that the rent which they were seeking to collect was for the last four and a fraction months, and as it was shown that the rent for this period was paid, plaintiffs cannot now claim that this balance accrued under the old agreement; on this point, we think he was in error.

The amended petition did not destroy the alternative allegations in the original petition, but, on the contrary, these alternative allegations were specially reiterated. The petition as amended alleged that the defendant made payments from time to time on the running rent account and that these payments were imputed to the oldest part of the account, leaving the balance due for the last four and a fraction months. And in the alternative, if the court should hold that the payments since April 1934, went to pay the rent from that time, then defendant had acknowledged the balance due which had accrued prior to that time. In fact, the overruling of the motion to elect left the pleadings in such shape as to permit plaintiffs to prove either their principal or their alternative allegations.

■ Reverting now to the plea of prescription, counsel for plaintiffs contends that the balance of rent due under the first lease contract constituted an account stated, and the running of prescription against that account was interrupted sev-

eral times by acknowledgments of the defendant after April, 1934. But we fail to find that the evidence supports this contention. On the contrary, the evidence shows that the defendant at no time after that date acknowledged this balance, but took the position that no balance was due because, as he claims, one of plaintiffs with whom he had the new agreement for reducing the rent in April, 1934, agreed to remit, forget, or cancel the old balance if defendant would keep up his payments under the new agreement. While the witnesses for plaintiff do not admit that this old balance was remitted or canceled, they do admit that it was to be postponed or carried over so long as defendant kept up his payments under the new agreement, which he did. We do not find that the testimony of the witnesses for the plaintiffs show any acknowledgment by defendant of this old balance after April, 1934, nor, for that matter, does their testimony indicate with any degree of certainty that any direct and specific demands were made on defendant for this balance. The testimony certainly fails to show any voluntary payment on this balance by the defendant that would indicate an intention on his part to acknowledge it. While it appears that defendant overpaid one month's rent under the contract, this overpayment was clearly an error on his part and also an error on the part of plaintiffs. The error arose from the fact that defendant was paying in advance under the new arrangement, and that fact was overlooked when the last payment was calculated. In any event, if the payment of the $60 in April, 1934, be applied to the old balance, the prescriptive period would be extended only one month, an insufficient time to save the balance from the three-year prescription.

█ In order to interrupt the running of prescription under article 3520 of the Civil Code, the acknowledgment of the debt must be clear and specific, recognizing the right of the creditor to enforce his claim. Lackey v. Macmurdo, 9 La.Ann. 15; Shultz v. Houghton, 36 La.Ann. 407; Marquez & Co. v. Bloom, Kahn & Co., 22 La.Ann. 328. There is no clear and specific acknowledgment of the right or claim of plaintiffs to collect this old balance shown in this case.

█ It is also contended by counsel for plaintiffs that the fact that the goods and effects of the defendant remained in the premises until March, 1937, constituted a continuous pledge in favor of plaintiffs, thereby interrupting the running of prescription against the rent claim secured by the pledge. It is true that prescription does not run against a debt secured by a pledge of property placed in the possession of the creditor by the debtor, as the pledge acts as a continuous acknowledgment of the debt as long as the debtor permits the creditor to retain possession of the pledge. Bank of Slidell v. Gause, 157 La. 128, 102 So. 93; Farmers' Loan & Mortgage Co., Inc. v. Langley, 166 La. 251, 117 So. 137. But the landlord is not given the possession of the property of the tenant, and the retention by the tenant of his property could not be construed as an acknowledgment of any debt due the landlord. Otherwise, the three-year prescription prescribed by the Code for a rent claim would not begin to run until the lessee removed his property from the premises. We find no such construction justified by the Code.

Having reached the conclusion that the plea of prescription is well founded, there is no occasion to consider the question of the remission of the balance due under the old agreement injected into the case by the evidence but not raised in the pleadings.

For the reasons assigned it is ordered that the plea of prescription filed by defendant in his answer be maintained, and the judgment which rejected the demands of the plaintiffs is hereby affirmed.