ROGERS, Justice.
 

 The plaintiff corporation, which is the owner of an office building in the City of Shreveport, su'ed Dickson & Denny, an ordinary partnership, and the individual members thereof, for $3,310 which plaintiff alleged was the balance due for the rent of office space in its building over a period of years. Plaintiff annexed to its petition as a part thereof an itemized account purporting to show the rental agreed upon and the payments made thereon by the defendants from time to time. The defendants,
 
 *301
 
 Donald C. 'Dickson and James A. Denny, are attorneys at law practicing under the name of Dickson & Denny. The space which defendants occupied in plaintiff’s 'building was used by them as an office in connection with their law practice.
 

 In connection with its suit, plaintiff obtained a writ of provisional seizure and the •sheriff in executing the writ seized all the law books and the office furniture and equipment found in the leased premises. ’The defendants, reserving the right to su'e for damages, filed a motion to dissolve the •seizure on the ground that the movable effects seized under the writ were the tools •of their trade and profession as attorneys at law by which they earned their living ■and that of their families. The motion to dissolve was tried separately from the main ■demand, but before the trial judge was able to render his judgment thereon, plaintiff voluntarily dismissed the writ and released the seizure. Thereafter the defendants 'filed their answer, together with a reconventional demand for the recovery of the ■damages which they alleged they had sustained by the unlawful seizure of their property. The plaintiff in the main suit and defendant in reconvention excepted to the reconventional demand on the ground that it failed to disclose any right or cause of action. The trial judge sustained the exception and dismissed the demand. But the judgment was set aside by this Court on a writ of certiorari issued at the instance of the defendants, the Court holding that the defendants were entitled to be heard on their reconventional demand and that any judgment rendered in favor of plaintiff on the main demand might be offset by any judgment that might be rendered in favor of the defendants on the reconventional demand. See, First National Bank Building v. Dickson & Denny, 202 La. 970, 13 So.2d 283.
 

 Pleas of prescription were filed by the plaintiff and by the defendants. On the merits, judgment was rendered on the main demand in favor of the plaintiff and against the defendant partnership for $797.50, with interest, and against each of the individual partners for $398.75, representing his virile share, with interest. On the demand in re-convention, judgment was rendered rejecting the demand. From this judgment both the plaintiff and the defendants have appealed.
 

 Plaintiff’s suit was filed on March 11, 1942. The first entry appearing on the itemized account annexed to the petition refers to the rent charged and the payment thereof for the month of August, 1930, and the last entry appearing on the account shows rent charged and its payment for the month of March, 1942. A recapitulation of the items appearing on the account shows a total amount of rent charged to the defendants from August, 1930,
 
 to
 
 March, 1942, both inclusive, a period of nearly twelve years, as $8,045 and the total payments made on account of the rent by defendants during the same period as $4,735.00, leaving a balance of $3,310, which is the amount claimed by plaintiff in this suit.
 

 There is nothing in the record which shows on what theory the trial judge gave plaintiff judgment for only $797.50 on its claim for $3,310 and we are not enlight
 
 *303
 
 ened on this point by the briefs filed on behalf of the parties in submitting the case without oral argument. It may be that the trial judge decided the case with defendants’ plea of prescription iii mind as indicated in the brief filed on plaintiff’s behalf under the caption: “The Defendants’ Plea of Prescription Should Be Overruled.” In discussing this question counsel for plaintiff makes much of the testimony of Mr. Walter Jacobs, the President of the plaintiff company, relative to certain alleged acknowledgments of the indebtedness made to Mr. Jacobs by Mr. Dickson, one of the defendants. But the testimony of Mr. Jacobs as to these alleged acknowledgments is extremely vague and of no probative value since he could not remember the dates on which the acknowledgments were made nor the specific items of indebtedness to which they applied.
 

 In order to interrupt the running of prescription as provided by Article 3520 of the Civil Code, the acknowledgment must be clear and specific, recognizing the right of the creditor to enforce his claim. Lackey v. Macmurdo, 9 La.Ann. 15; Marquez & Co. v. Bloom, Kahn & Co., 22 La.Ann. 328; Shultz v. Houghton, 36 La.Ann. 407. There is no clear and specific acknowledgment by defendants of the correctness of plaintiff’s claim in this suit.
 

 It is also argued on behalf of the plaintiff, assuming for the purpose of the argument that defendants did not acknowledge the indebtedness, the fact that during the entire time defendants were plaintiff’s tenants their law books and office furniture remained in the leased premises, constituted a continuous pledge on the books and furniture which interrupted the running of prescription against plaintiff’s claim for the rent which was secured by the pledge. It is true that prescription does not run while the thing pledged remains in the pledgee’s possession. Bank of Slidell v. Gause, 157 La. 128, 102 So. 93; Farmers’ Loan & Mortgage Co. v. Langley, 166 La. 251, 117 So. 137. But the right of pledge granted in favor of a landlord by Article 2705 of the Civil Code does not require that the property of the tenant should be placed in the possession of the landlord. Hence, the retention by the tenant of his property in the leased premises can not be construed as an acknowledgment of any debt due the landlord. If it were otherwise, the prescription of three years provided by Article 3538 of the Civil Code for a claim for rent would not begin to run until the tenant had removed his effects from the leased premises. We find nothing in the code article that would justify such a construction. The plea of prescription was embodied by the defendants in their answer and if submitted to the Court at all, it was submitted with the merits, and the presumption is therefore that the trial judge properly acted thereon.
 

 The trial judge by his judgment on the merits determined all the issues raised by the parties under their pleadings. He held that plaintiff was entitled to a judgment against defendants for only $797.50 and not for $3,310 as claimed by plaintiff. Other than the argument contained in the brief filed on behalf of plaintiff on the question of the interruption of prescription, which
 
 *305
 
 we have hereinabove considered, plaintiff has failed to point out wherein the judgment is erroneous.
 

 This Court has repeatedly and uniformly held that the burden rests on the appellant to show that the judgment appealed from is erroneous; otherwise the judgment will not be disturbed unless the error clearly appears on the face of the record. Pisciotte v. Indemnity Company, 164 La. 260, 113 So. 840; Mills v. Mills, 173 La. 795, 138 So. 671; Ratcliff v. Levin, 175 La. 49, 143 So. 1. Plaintiff has made no such showing. And we are not convinced, from our examination of the record, that the judgment on the main demand does not do justice between the parties. Mills v. Mills, supra.
 

 It is stated in the brief filed on behalf of defendants that the main issue before the Court is whether they have suffered any damages by the wrongful issuance of the writ of provisional seizure. Defendants concede that this is a question of fact which the Court is called upon to decide. The defendants do not point out any fact developed on the trial of the case that sustains their claim. Defendants were not deprived of the possession and use of their books and office equipment which were provisionally seized in this suit. The sheriff, in levying the seizure, appointed defendants as the keepers of the property seized, and after defendants’ motion was filed claiming its exemption, the plaintiff voluntarily dismissed the seizure and released the property and permitted defendants to continue to occupy their office until this suit should be finally decided on the merits.
 

 There are some authorities which hold that the voluntary abandonment of a conservatory writ renders the plaintiff responsible in damages for the wrongful suing out of the writ, but only such damages can be recovered as have been actually sustained, when the seizing creditor has acted without malice and on probable cause. Steinhardt v. Leman, 41 La.Ann. 835, 6 So. 665. No evidence was offered by the defendants to show that any malice actuated the plaintiff corporation or its president in instituting this suit. On the contrary, the u'ncontradicted testimony of Mr. Jacobs, President of the plaintiff corporation, is that in instituting the suit he acted solely upon the advice of counsel and that he bore no malice whatsoever towards the defendants. In these circumstances, the defendants’ measure of damages is the actual expense and loss resulting from the seizure itself. But defendants failed to show that they incurred any expense as a result of the seizure. They offered some testimony in support of the claim that they were damaged by reason of the humiliation they suffered before the public, the Bench and the Bar. But a careful reading of the testimony given by each of the defendants shows that they were caused no more embarrassment and humiliation by the filing of the suit coupled with the writ of provisional seizure than they would have suffered merely from the filing of the suit itself.
 

 There was no substantial interference with defendants’ business or with the control of their property. The seizure was in effect only a short time and was merely formal. It is clear any embarrassment or
 
 *307
 
 humiliation that defendants may have suffered was caused by the suit and not by the seizure. And the law is, as pointed out by this Court in Cretin v. Levy, 37 La.Ann. 182, that in a suit for damages for a wrongful provisional seizure, where the alleged resultant losses appear attributable to the suit itself and not to the seizure, they can not be recovered as damages for the wrongful issuance of the writ.
 

 The trial judge refused to allow defendants any damages on their reconventional demand and we find nothing from our examination of the record that would justify us in disturbing his judgment.
 

 For the reasons assigned, the judgment appealed from is affirmed.