SWIFT, Judge.
Plaintiff instituted this action on an open account on October 30, 1968, seeking to recover $483.44 for sales of greeting cards during the period from November 13, 1964, to October 13, 1965. Defendant answered alleging payment in full for all purchases, and at the same time filed a peremptory exception of three years prescription. Plaintiff then filed a motion for a summary judgment, relying on the following letter dated January 3, 1966, as an acknowledgment of the debt and an interruption of prescription :
“Gibson Greeting Cards, Inc.
Cincinnati, Ohio 45237
Re: Bulk Sale Act
Cabibi’s Pharmacy
Dear Sir:
Enclosed herewith, you will find our check in the sum of $429.00. This was the amount indicated as due you by Mr. Anthony Cabibi. Since we did not hear from you as requested, we were unable to corroborate the correctness of the amount. Adjustments for any deficiencies or of overage should be made directly to Mr. Anthony Cabibi.
Sincerely,
A. J. Capritto”
The exception of prescription was maintained, and the suit was dismissed. Plaintiff prosecuted this appeal.
When an open account is prescribed on its face and prescription has been pleaded, as in this case, the burden of proof is on the plaintiff to establish by a preponderance of the evidence an interruption of such prescription by an acknowledgement or payment. To do so, the proof must be clear, specific and positive. Ivey v. Joyce, 195 So. 33 (La.App. 2 Cir. 1940); Cohen v. Toy, 150 So.2d 605 (La.App. 4 Cir. 1963).
According to the Supreme Court in First Nat. Bank Bldg. Co. v. Dickson & Denny, 207 La. 298, 21 So.2d 226 (1945):
“In order to interrupt the running of prescription as provided by Article 3520 of the Civil Code, the acknowledgment must be clear and specific, recognizing the right of the creditor to enforce his claim. Lackey v. Macmurdo, 9 La.Ann. 15; Marquez & Co. v. Bloom, Kahn & Co., 22 La.Ann. 328; Shultz v. Houghton, 36 La.Ann. 407. There is no clear and specific acknowledgment by defendants of the correctness of plaintiff’s claim *899 in this suit." (21 So.2d 227). (Emphasis supplied).
Mr. A. J. Capritto is the attorney for Mr. Cabibi in this suit, but he informed this court in oral argument he did not represent the defendant prior to its institution; that he was the attorney for the buyer in connection with the sale of Cabibi’s business.
Our consideration of this appeal, is, of course, confined to those matters which appear in the record. However, we note the letter of January 3, 1966, does not state that Mr. Capritto was acting therein on behalf of Mr. Cabibi; nor is there any other evidence in the record which indicates the existence of such an attorney-client relationship during the negotiations and sale of the business.
But assuming arguendo that Mr. Capritto represented Mr. Cabibi in connection with that transaction and in writing the letter of January 3, still we do not find a sufficient acknowledgment of the debt by the debtor to interrupt prescription.
In Winter v. Gani, 199 So. 600 (La.App. 1 Cir. 1941), at page 602, the court said:
“Article 3520 of the Civil Code provides that prescription ceases to run whenever the debtor or possessor makes acknowledgment of the right of the person whose title they prescribe. The acknowledgment of the debt must be made by the debtor himself or by his author-ised agent, and the power to acknowledge the debt must be express and special. Civil Code, Art. 2997. * * * ” (Emphasis supplied).
It is likewise clear under our jurisprudence that the power to acknowledge a debt cannot be implied from an agent’s capacity as attorney at law for the debtor. Durnford v. Clark’s Estate, 3 La. 199 (1831); Hill v. Barlow, 6 Rob. 142 (1843); Succession of Rembert, 244 La. 303, 152 So.2d 29 (1963).
The only evidence in this record concerning an acknowledgment is the letter of January 3, 1966, quoted above. There is no proof that Mr. Capritto was specially authorized to act for Mr. Cabibi at any time. We therefore conclude that the plaintiff has not borne the burden of proving that the defendant or his duly authorized agent has acknowledged the alleged indebtedness to plaintiff in the manner required to interrupt prescription.
We are not unmindful of the rule that an effective acknowledgment can be made by the debtor to a third person out of the presence of the creditor. However, the statement in Mr. Capritto’s letter of January 3, that $429.00 * * * was the amount indicated as due you by Mr. Anthony Cabibi”, without more, is not in our opinion sufficient proof of a clear and unequivocal acknowledgment by the debtor to Mr. Capritto of the correct claim of the creditor. Aside from the uncertainty as to the amount owed, the letter does not state explicitly that Mr. Cabibi was the person who “indicated” $429.00 was the amount of his indebtedness to plaintiff. It is not beyond the realm of possibility that this information was obtained by Mr. Capritto from Mr. Cabibi’s bookkeeper, rather than from the defendant. If so, proof of the agent’s special authority to acknowledge the debt is again lacking.
The indebtedness claimed herein has been extinguished by three years prescription.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.