CONWAY
*vs.*
WILLIAMS'
ADMINISTRATOR.

## CONWAY *vs.* WILLIAMS' ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF WEST
FELICIANA.

A loose acknowledgment to a third person by the maker of a note, that he
was indebted to the holder of it, but not made in his presence, is insuf-
ficient to interrupt prescription, or take the case out of it when it has
been completed.

The acknowledgment, in order to interrupt prescription, must be specific.
An acknowledgment of the debt.

This is an action on two promissory notes, executed by
James Williams, in his life time, to wit: August 14th, 1824,
for one thousand two hundred and three dollars and seventy-
five cents, each; one payable the 1st of January, 1827, and
the other the 1st of January, 1828.

The defendant, as administrator, refused to allow and pay
the notes when presented; and to this suit opposed the
prescription of five years.

The evidence showed that the notes became due in 1827–8.
Williams died in December, 1834, and no suit was ever
instituted against him by the plaintiff, who is the payee, and
always was, and still is, the holder of them.

Wederstrandt, a witness for plaintiff, deposed that he knew
the parties to this suit, and that Williams purchased his
plantation from the plaintiff. That in a conversation with
witness, a short time before his death, Williams acknow-
ledged that " he was indebted to the plaintiff," and said, " I
owe Mr. Conway yet." Witness did not understand for what
object Williams was indebted to Conway, but he presumed
it was for the price of the plantation he had bought from the
latter. Another witness deposed to circumstances, going to
show that the notes sued on were given for a plantation and
slaves Williams purchased from plaintiff.

The judge of probates sustained the plea of prescription, and gave judgment for the defendant. The plaintiff appealed.

EASTERN DIST.
*February*, 1837.
CONWAY
*vs.*
WILLIAMS'
ADMINISTRATOR.

*Bradford*, for the plaintiff.

The judgment of the court below ought to be reversed, and judgment rendered in this court in favor of the appellant, on the following grounds :

1. That from the evidence, it is clear that the notes given by Williams to the plaintiff, was for a tract of land and slaves, and that prescription ran against them before the death of Williams.

2. It is equally evident from the evidence, that a short time before the death of Williams, he acknowledged his indebtedness, and expressed his anxiety to have it paid.

3. The acknowledgment of Williams to Wederstrandt, interrupted prescription. *Louisiana Code*, 3486.

*Boyle, contra.*

1. The defendant being sued as administrator, was bound to plead prescription, the time for prescribing the notes sued on, having clearly elapsed.

2. The acknowledgments relied on to interrupt prescription, are entirely too vague to have this effect. They do not show any acknowledgment of the debt.

*Bullard, J.*, delivered the opinion of the court.

This is an action by the holder of two promissory notes, against the estate of the maker. The administrator pleads the prescription of five years. Both notes had been due more than five years before suit was brought, and the plea of prescription must prevail, unless it be shown to have been interrupted by an acknowledgment of the debt by the maker.

The evidence on this point is extremely vague. The witness who testifies to a loose conversation between himself and Williams, the maker, out of the presence of the plaintiff, does not pretend that any particular debt or amount was spoken of, but merely that Williams said he was indebted to

*A loose acknowledgment to a third person by the maker of a note, that he was indebted to the holder of it, but not made in his presence, is insufficient to interrupt prescription, or take the case out of it, when it has been completed.*

72

EASTERN DIST.
February, 1837.

the plaintiff. We are of opinion, that the acknowledgment of a debt, in order to interrupt prescription, must be specific, an acknowledgment of the debt. *Louisiana Code*, 3486, 3516, 3517, 3518. 3 *Louisiana Reports*, 362.

The plea of prescription was properly sustained. It is, therefore, ordered, that the judgment of the Court of Probates be affirmed, with costs.