LOUIS COURTEBRAY and Wife v. JEAN BAPTISTE RILS.

To interrupt prescription, the acknowledgment of the debt must be specific, and must apply to a particular debt. So with regard to the renunciation of a prescription already acquired, the renunciation being in the nature of the renewal of an obligation; and although it may be made tacitly, it must result from a fact giving a presumption of the relinquishment of the right acquired by the prescription, and such fact must be necessarily and strongly connected with the debt intended to be revived.

An allegation in an answer, "that the plaintiff's claim is neither just nor well-founded," puts the justice of the claim at issue, and indirectly denies the statements on which it is based, throwing on the plaintiff the burden of proving his allegations.

APPEAL from the District Court of Iberville, *Nicholls*, J.

*Labauve*, for the appellants.

*R. N.* and *A. N. Ogden*, for the defendant.

SIMON, J. This suit is brought on a promissory note dated 18th June, 1833, and made payable to the plaintiffs, or order, in all March, 1834, with ten per cent interest per annum from its maturity, until paid. The petition alleges that the interest on the debt up to the 3d of April, 1842, is considered paid and compensated by sugar, and molasses, &c., given in payment by the defendant, and by cash, and divers payments by him made to divers persons for the petitioners, &c.

The defendant having failed to answer, a judgment by default was taken against him, which, after having been made final, was set aside by the counsel of the parties; whereupon the defendant was permitted to file his answer, which he did accord-

ingly, in the following words: "Jean Baptiste Rils, &c., to the petition, &c., appears and pleads prescription of ten *and five years*, and prays that the plaintiffs' demand, *being neither just or well-founded*, be dismissed, &c."

The defendant's plea of prescription was sustained below, and judgment having been rendered thereon against the plaintiffs, the latter have appealed.

The record contains the testimony of two witnesses, going to show that the plaintiffs were in the habit of taking sugar every year from the defendant's plantation. One of them says that he does not know for what consideration, nor whether plaintiffs paid for the sugar, or not ; and the other testifies " that, in January or February, 1843, defendant delivered to him two barrels of sugar for the plaintiffs, upon an order of said plaintiffs to said defendant for the sugar; and that the latter replied that it was right, that he was in the habit of furnishing the plaintiffs sugar every year."

The only question which we have to answer in this case, is, whether the plaintiffs have shown such facts and circumstances as may be considered sufficient not only to establish an acknowledgment of the debt sued on before it was prescribed, but also to prove that the defendant has renounced the prescription which he may have acquired long before this suit was instituted? On this point, it has been contended by the appellants' counsel, that the allegations of the petition, not being denied by the appellee, who simply pleaded prescription, the payments admitted were supported by the evidence ; and that the plea of prescription was a waiver of the general issue, and an admission of the allegations of payment set forth in the petition.

It is certain that the evidence is of itself insufficient to prove an acknowledgment of the debt, on the part of the defendant. His habit of furnishing the plaintiffs with sugar every year, unaccompanied with the proof that the sugar was received by the latter in part payment of said debt, does not even present to the mind any fact from which such acknowledgment could be presumed or inferred. The witnesses knew nothing of the consideration for which the sugar was sold and delivered ; and we cannot presume that such sale and delivery was in any

Courtebray and Wife v. Rils.

manner connected with, or had any reference to the payment of the debt sued on. As we said in the case of *Conway* v. *Williams' Adm'r* (10 La., 569), the acknowledgment of a debt, in order to interrupt prescription, must be specific (Civil Code, arts. 3486, 3518), and such as to apply the evidence of it specifically to a particular and specific debt. So must it be also with regard to the renunciation of a prescription already acquired, such renunciation, being in the nature of the renewal of an obligation, must be specifically proven; and although it may be made tacitly, it must result from a fact which gives a presumption of the relinquishment of the right acquired by prescription (Civil Code, art. 3424); and such fact must be necessarily and strongly connected with the debt which the party intended to revive.

With regard to the allegations made by the plaintiffs in their petition, that they considered the interest paid and compensated by sugar, &c., we think that, although they have not been specially denied by the defendant in his answer, the answer is not such as to dispense the plaintiffs with the proof of said allegations. It is true, a judgment by default had been taken, and made final; but the consent of the parties, for whose benefit it was rendered, to set it aside, and to permit their adversary to file his answer, must have the effect of destroying the default, and of reinstating the case, as if no judgment by default had ever been taken. The defendant admits nothing in his answer. On the contrary, after pleading prescription, it contains a special averment that *the plaintiffs' demand is neither just nor well founded;* and this, in our opinion, is sufficient not only to put at issue the justice of the plaintiffs' claim, but amounts also to an indirect denial of the statements upon which it is based. It was the duty of the plaintiffs, under the issue joined, to establish the truth of their allegations.

*Judgment affirmed.*