No. 8390.

ALBERT SHULTZ VS. H. W. HOUGHTON.

Evidence that a debtor, when presented with a long-standing account of large debits and credits, acknowledged generally an indebtedness, but declined to acknowledge the account, and said he would have to look over his own papers, is not sufficient to interrupt prescription, since it left the debt claimed unacknowledged and open to free controversy.

The acknowledgment required by the Code is an "acknowledgment of the right" of the creditor, *i. e.*, of the debt claimed.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Chas. S. Rice* for Plaintiff and Appellee.

*E. W. Huntington* and *H. L. Dufour* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Defendant is sued upon an account due in 1875.

His defense is a general denial and prescription of three and five years.

Evidence was offered to establish an acknowledgment of the account, for the double purpose of showing that it became an account stated, prescriptible only by ten years, and also an interruption of prescription.

For the first purpose the evidence is manifestly insufficient, since it appears from plaintiff's own testimony that defendant never acknowledged the correctness of the account, but said he would have to look over his own papers.

It is claimed, however, that defendant made a general acknowledgment of indebtedness, which is sufficient to interrupt prescription.

The evidence on this point is of the vaguest and most general character, not pretending to give the language, or definite purport of the language used.

It is very clear the defendant never made an "acknowledgment of the right" claimed by the creditors, which was the *right* to claim the amount shown due by the account.

*Non constat* that after examining his papers he might not have disputed any indebtedness whatever, the account being one of large debits and credits.

The case is not nearly so strong as that presented in Lackey vs. Macmurdo, where the Court said: "In estimating the effect to be given to the conversation above mentioned, it is proper to consider what is the effect of an interruption. The effect would be to destroy the con-

veyances which otherwise would have resulted from the lapse of time * * * and to give a new date as the starting point for the cause of prescription. * * * As, therefore, the alleged interruption practically affects the rights and obligations of the parties to a contract, it is reasonable to require, then, that proof of an assent to such a change on the part of the debtor should be clear and unequivocal." Lackey vs. Macmurdo, 9 A. 17.

So, in another case, it was held that an acknowledgment was insufficient, because "he did not acknowledge his indebtedness to the appellant *for the amount of her claims*." Succession of Jewell, 11 A. 83; see, also, Ross vs. Adams, 23 A. 621; Marquez vs. Bloom, 22 A. 328.

It is perfectly clear that defendant in this case has never acknowledged "the right of the creditor," *i. e.*, the debt claimed by the creditor; but, on the contrary, declined to acknowledge it and left it a matter of free and open discussion.

It is to be borne in mind that the defendant contradicts most positively the evidence for plaintiff.

The judge *a quo* maintained the plea of prescription and we see no reason to disturb his judgment.

Judgment affirmed.