## MICHELIN TIRE CO. v. DELCOURT. *
### No. 1192.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

F. Xavier Mouton, of Lafayette, for appellant.

Voorhies & Labbe, of Lafayette, for appellee.

MOUTON, Judge.

Plaintiff company sold merchandise to Paul E. Delcourt of Hammond, La., to a considerable amount.

Mrs. M. Billeaud, Jr., widow of M. Billeaud, Jr., on October 20, 1926, executed her obligation to indemnify plaintiff company for whatever advances it might make to Paul E. Delcourt, to any amount not exceeding $2,000.

Plaintiff, alleging that, acting on the guaranty of the contract of indemnification, above referred to, it sold and delivered to Paul E. Delcourt merchandise upon which a balance of $1,604.85 is due, brings this suit for that amount with legal interest from March 30, 1928, against the defendant, Mrs. Camille Delcourt, widow of M. Billeaud, Jr.

The defendant, Mrs. Delcourt, filed a plea of prescription of three years to the amount demanded, which was on open account.

This plea was referred to the merits by the district judge by whom it was maintained, and the suit dismissed.

Plaintiff company appeals.

The last item of merchandise on the account was delivered March 31, 1928, and the record shows that the suit was filed on September 24, 1931, more than three years thereafter.

If defendant is entitled to the three-year prescription urged by her against the demand of plaintiff, the judgment appealed from is correct, and the suit was therefore properly dismissed.

The contract signed by Mrs. Camille Delcourt, defendant, in favor of plaintiff company for the goods it might advance to Paul E. Delcourt for Quality Tires owed by him, reads as follows:

"I agree to indemnify you against any loss on account of any moneys which he may from time to time owe you not exceeding $2000.00 and I agree that you may extend in his favor the usual periods of credit, renew wholly or in part any notes, accept any settlement and execute any release in respect thereof, grant any indulgences to him or any persons liable upon bills, notes and other securities without my/their liability under this guarantee being thereby affected, and that this guarantee shall continue in force notwithstanding any change in the concern in which he/they shall be trading or in the terms and conditions under which goods are supplied to him/them by you unless cancelled by me/us in writing, sent by registered mail, such cancellation to date from the receipt of such notice by you. I/we agree that no cancellation shall affect my/our liability hereunder for merchandise theretofore supplied and I/we also agree, in case of any assignment or declaration in trust for the benefit of creditors or bankruptcy of the said Quality Tires that all his/their indebtedness to the extent of my/our liability hereunder due or to become due shall become im-

mediately payable by me/us. This is a guaranty of payment, that is the obligation hereunder may be directly and legally enforced even though you have not taken any legal proceedings against Quality Tires.

"I/we expressly waive hereby notice of your acceptance of this guarantee, also notice of any transactions between you and him/them and of any obligation contracted by him/them to you upon faith of this guarantee or otherwise and of any default by him/them."

This agreement is signed by the defendant, Mrs. Camille Delcourt.

There is no claim that there ever was a cancellation of this guaranty.

Counsel for defendant refer in their brief to the case of Hibernia Bank & Trust Company v. Succession of Cancienne, 140 La. 969, 74 So. 267, 272, L. R. A. 1917D, 402, wherein they say that the continuing guaranty is expressly recognized in this state. In addition, they say to note how closely the guaranty referred to in that decision is followed in language and purpose by the guaranty given in this case by Mrs. Camille Delcourt. We think that the contracts of guaranty in the instant case and the one referred to by the court in the Hibernia Bank Case are similar, if not practically identical, and carry the same obligations.

The court in the Hibernia Case, above mentioned, found that the guarantor was liable in solido with the principal debtor, "the same as if the obligation had been contracted by the guarantor in person." This statement of the court indicates that the guaranty of payment created in that case a direct and original obligation to pay the indebtedness for which the guarantor had bound himself.

Counsel for defendant refer to Civ. Code, art. 3060, which says that the surety may oppose to the creditor all the exceptions belonging to the principal debtor, and which are inherent to the debt; but he cannot oppose exceptions which are personal to the debtor. They refer to Gilbert v. Meriam, 2 La. Ann. 160, and other cases on this subject which recognize the right of the surety to plead prescription against the creditor's demand which has been extinguished by prescription. The exception of prescription is no doubt inherent to the debt, and the surety may urge it against the creditor.

Civ. Code, art. 3035, says: "Suretyship is an accessory promise by which a person binds himself 'for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."

In the Hibernia Bank Case, the court, in construing a contract similar to the one under review, said the guarantor was bound in solido "the same as if the obligation had been contracted by the guarantor in person." Evidently, the court concluded that the guarantor had contracted a direct and original obligation to pay the indebtedness.

Hence in this case the obligation of Mrs. Camille Delcourt was a direct and original obligation to pay for the advances made to Paul E. Delcourt for any amount not in excess of $2,000. It was therefore her debt, which could be extinguished by the prescriptible period of ten years, and not by that of three years, urged by defendant. As a bond was given by defendant to secure the debt, the prescription of three years ceased under article 3538, Civ. Code, and the prescription of ten years applies under Civ. Code, art. 3544.

Counsel for defendant refer us to the case of Graves v. Scott, 23 La. Ann. 690, where the court held that a guaranty is the promise to answer for the payment of some debt or the performance of some duty in the case of the failure of another person, who in the first instance is liable.

In that case it was clearly shown that there was under the contract the promise to pay the debt of a third person which the court held could not be shown by parol.

In this case the guaranty or bond given by Mrs. Camille Delcourt created a direct or original obligation on her part which distinguishes it from the Graves' Case relied upon by counsel for defendant.

In the instant case Mrs. Camille Delcourt was bound in solido, and as was said in the Hibernia Bank Case, when such an obligation is contracted, the creditor may proceed against any one of the debtors, and the defendant will not be entitled to a plea of discussion or division. The reason is that those so bound are each debtors for the whole debt, and which gives the right to the creditor to proceed against any one of the debtors, at his option.

The action of plaintiff company herein is governed by article 3544, Civ. Code, and is prescribed in ten years. As this suit was instituted long before that period of time had elapsed from the date defendant signed the bond in favor of plaintiff company, its action against defendant was not prescribed.

It is also contended by plaintiff company, in the alternative, that prescription was interrupted in this case by the acknowledgment of the debt in question by Paul E. Delcourt, the purchaser of the goods from plaintiff, and in whose favor the bond was executed by Mrs. Delcourt, defendant.

This acknowledgment, plaintiff contends, was made by Paul E. Delcourt in a suit instituted by him in the city of New Orleans in the civil district court against the Michelin Tire Company, plaintiff herein.

Counsel for defendant refer to Conway v. Williams' Adm'r, 10 La. 568, 29 Am. Dec.

466, Union Nat. Bank v. Evans, 43 La. Ann. 372, where it was held that the acknowledgment by the debtor to effect an interruption of prescription must be specific, clear, and unequivocal, and to other decisions holding to the same doctrine; also to Succession of Jewell, 11 La. Ann. 83, where the court said the acknowledgment did not interrupt prescription because the debtor had not acknowledged the amount of the claim of the appellant.

In the case of Albert Shultz v. Houghton, 36 La. Ann. 407, and which carries the doctrine (for which counsel for defendant are contending) to its fullest extent, the court said, in a portion of the syllabus, that the debtor declined to acknowledge the account and left the "debt claimed unacknowledged and open to free controversy." In the concluding part of that opinion, the court stated that the defendant "has never acknowledged 'the right of the creditor,' i. e., the debt claimed by the creditor; but, on the contrary, declined to acknowledge it and left it a matter of free and open discussion."

In the other cases on which counsel rely in support of their position on this question, it will be noted that there was no specific, unequivocal, or clear acknowledgment by the debtor of the amount claimed, and the court therefore held there was no interruption of prescription.

It is therefore necessary for a proper solution of this question to look into the allegations made by Paul E. Delcourt in the suit filed by him in the New Orleans civil district court against the plaintiff company herein.

In that suit, in which Paul E. Delcourt claimed $11,205 damages against plaintiff company, there are a number of allegations which need not be mentioned in the determination of the issue under discussion. In that petition, among the various averments upon which the demand for damages was grounded, Paul Delcourt avers that on March 30, 1928, when petitioner made a personal visit to the home office of the Michelin Tire Company in New Orleans, he was indebted to said company in the sum of $3,209.75. It is also alleged that the claim of the Michelin Tire Company was secured by a security bond to indemnify it in case of loss up to the sum of $2,000, "dated, on or about October 5th, 1926," and that this bond was still in force and was in the possession of that company. This bond, produced as part of the evidence in this case, shows that it is dated October 20, 1926, but there can be no doubt this is the bond referred to in Paul E. Delcourt's petition as to the date of which he was uncertain, having averred that the date was "on or about" October 5, 1926.

The purpose of his visit to the home office, hereinabove referred to, Paul E. Delcourt alleged in his petition, was to arrange a plan to liquidate his indebtedness of $3,209.75 due the Michelin Tire Company and to obtain a new supply of tires and tubes. Paul E. Delcourt then alleges that, "because of the fact that defendant company (meaning Michelin Tire Company, plaintiff herein) was secured by the aforesaid indemnity bond in the sum of $2,000.00, which left a balance due by petitioner of $1,209.75," etc. It was agreed as a result of the conference that Paul E. Delcourt would furnish six promissory notes to cover his entire indebtedness in order that he might obtain a line of credit of $750 for each note paid.

It seems from the allegations of the petition that the notes were signed by Paul E. Delcourt and were sent to the Michelin Tire Company. It is alleged by Delcourt that he sent the sum of $1,679.85 to the Michelin Tire Company to take up the first three notes of the series issued, and to pay for a certain check of $75.

It became necessary for us to quote the foregoing allegations because they lead to the following averment of the petition, viz.: "Petitioner further shows that by paying the first three of the said notes, which was before their maturity, left only the sum of $1,604.85 due by petitioner to defendant, and which said balance was amply secured by the indemnity bond and the three last notes of said series."

The present suit against Mrs. Camille Delcourt is for the sum of $1,604.85, exactly the sum which Paul E. Delcourt alleged was due by him to the Michelin Tire Company in his suit filed against said company, and in which he also alleged that the indemnity bond furnished to secure that amount was still in "full force and effect."

It seems to us that in the allegation above quoted, Paul E. Delcourt made a clear, specific, unequivocal, and absolute admission that he owed an indebtedness to the Michelin Tire Company amounting to $1,604.85. This was a judicial admission of fact which is uniformly accepted as binding on the pleader.

Counsel for defendant say that the statements contained in the petition "in no wise admit a present subsisting indebtedness as of June, 1929, the date of the filing of that petition, but on the contrary the allegations of the petition and the prayer thereof repel the idea that it was intended to express any acknowledgment of the debt, or any willingness on his part to pay the amount which he states was formerly owing to the Michelin Tire Company."

The admission of indebtedness must be tested as made at the time of the filing of that petition. There is nothing in that petition to indicate that Paul E. Delcourt re-

ferred to any amount which he "was formerly owing to the Michelin Tire Company," as argued by counsel in the quotation above given from their brief. On the contrary, he clearly states in that article of his petition, above reproduced, that, after the payment of the three first notes, there would be left "only the sum of $1,604.85 due by petitioner to defendant, and which said balance was amply secured by the indemnity security furnished in the sum of $2,000.00." This is a clear-cut admission of a debt in a specific amount then "due," and without the slightest intimation as being formerly "owed" by Paul E. Delcourt to the Michelin Tire Company. In addition to the admission of a then existing debt, he also alleged in that petition that the indemnity bond given to secure it was still in "full force and effect," and that was in 1929, when this petition was filed.

We have considered the petition as a whole, and have failed to find a single averment which had the effect of throwing the least doubt as to the amount therein alleged to be then due by Paul E. Delcourt to the Michelin Tire Company or to indicate in the faintest way that the sum of his indebtedness to that company was dependent for settlement on any controversy or subsequent investigation. Hence we are of the opinion that Delcourt, by so alleging in his petition, recognized or acknowledged his indebtedness for the $1,604.85 then due in 1929, and which had the effect of interrupting prescription on the account due by him to the Michelin Tire Company, plaintiff herein.

Counsel for defendant seem to take the position, if we have a proper appreciation of their argument, that not only must there be an acknowledgment by the debtor of the debt, but there must besides be a renewal of the promise to pay to effect an interruption of prescription. In the concluding portion of the decision in Shultz v. Houghton, 36 La. Ann. 407, the court said the debtor had never acknowledged "the right of the creditor."

This expression, left alone, might be conducive to the construction placed on this question of law taken by counsel, but it will be observed that, after using the above-quoted words, they are followed by the words "the debt claimed by the creditor." Evidently, as thus qualified, the idea intended to be conveyed by the court in that decision is that the acknowledgment by the debtor must be of the "debt claimed by the creditor," and which interrupts the course of prescription. Hence we find that prescription was interrupted on the account in June, 1929, by the acknowledgment of the debt due under the allegations of Paul E. Delcourt's petition, and therefore the prescriptible period had not elapsed when suit was brought in September, 1931, thus precluding defendant from the benefit of the plea of prescription of three years, which was maintained by the lower court.

As hereinabove stated, the right of action of plaintiff company against defendant was prescribed in ten and not in three years, for the reasons stated. If, however, its right of action was prescribed in three years, as contended for by defendant, as there was an interruption of that prescription, the demand of the plaintiff was filed in time, and the plea of prescription filed by defendant should not have been maintained below.

### Merits.

It is contended by defendant that the account was not proved, and that, even if the plea of prescription is overruled, plaintiff cannot recover the amount claimed.

Servis, treasurer of the plaintiff company, was examined as a witness under commission in reference to the amount demanded. He testified he had charge of the books of the plaintiff company, had examined the account of the Quality Tires, Hammond, La., Paul E. Delcourt, proprietor, and that the sum of $1,640.44 was still due by Paul E. Delcourt to plaintiff company.

Counsel for defendant contend that this testimony is insufficient to prove the account. Even if this contention be correct, the admission of the debt in the petition of Paul E. Delcourt filed against plaintiff company, taken in connection with the testimony of Servis, establishes the correctness of the amount demanded. Counsel for defendant also contend that the account filed by plaintiff shows as being due the sum of $1,640.44, instead of $1,604.85, the amount claimed, and that this account, which is sworn to as correct by Servis, is therefore at variance with the sum claimed against defendant.

There can hardly be any doubt that Paul E. Delcourt was indebted to plaintiff company for at least $1,604.85 which he admitted to be due in his petition filed against plaintiff company in the civil district court of New Orleans. If plaintiff company has claimed less than its account shows Delcourt owed, it merely loses the overplus, Code Prac. art. 156, having failed to amend its petition.

The judgment maintaining the plea of prescription must be reversed and a decision be rendered on the merits submitted by the two litigants.

It is therefore ordered, adjudged, and decreed that the judgment maintaining the plea of prescription and dismissing the suit be, and is hereby, avoided, annulled, and reversed; and it is further ordered, adjudged, and decreed that plaintiff company have judgment against Mrs. Camille Delcourt, widow

of M. Billeaud, Jr., defendant herein, in the sum of $1,604.85, with legal interest thereon, from June 11, 1928, and that defendant pay all costs of this suit.